Ruffin, Chief Justice.
 

 As the grounds of the motion in arrest of judgment are not stated in the record, and the Court has not had the assistance of counsel for the prisoner, it is possible we may have overlooked some point on which the motion ought to have been allowed. If so, it will be a source of sincere regret; for in the absence of counsel of his own selection, the Court has endeavoured to discharge for the prisoner that office, which, as a public duty, is devolved on us. After a careful examination of the record, we are unable to discover any reason why the sentence of the law should not follow the conviction.
 

 In considering the case, however, one or two points have suggested themselves, on which it may be supposed an objection might have been taken; and on which, therefore, the Court may properly give an opinion.
 

 As the name of the prisoner and that of one of the supposed obligors in the forged instrument appear to be the same, it may have been intended to present the question, whether the
 
 *29
 
 indictment can allege the forgery of the whole instrument by one of the parties to it? To that, we think, there would be several answers. One, that the objection ought to have been taken on the evidence, and cannot be taken in this manner; since it does not legally follow that the prisoner is the same person with the supposed obligor, although the names be the same. But admitting the identity of those persons, yet secondly, that will not vitiate the indictment. The forgery may have consisted of alterations of a true instrument, as by making the sum mentioned in the bond more or less than it was at first, or by adding the names of the other two obligors without their knowledge or consent, and that of the obligee. Now, it is a settled rule, that in such cases the forgery may be charged specially, by alleging the alterations; or the forgery of the entire instrument may be charged; and this last will be supported by evidence of the
 
 alterations
 
 — Rex v.
 
 Elsworth,
 
 2 East P. C. 986, 988. After the alterations, the instrument as a whole, is a different instrument from what it was; and therefore, in its altered state, is a forgery-for the whole.
 

 Possibly, the prisoner’s counsel meant to object to the indictment, as a repugnancy, that it charges the forgery of a certain
 
 bond;
 
 whereas if it be a forgery, it is not a bond, but only purports to be such. But that objection too, would be untenable. The statute uses the same language: “ forge any deed, will, bond &c.” and while it is prudent, so it is generally safe, to follow in the indictment, the words of the statute. Besides, upon looking to the precedents, in books of criminal pleading, it is found, that in
 
 this
 
 respect the present indictment conforms to those long settled.
 

 Without further lights as to the points intended to be relied on for the prisoner, the Court is therefore under the necessity of saying, that there is no error in the judgment, and directing the steps necessary to its execution.
 

 Per Curiam. Judgment to be affirmed,