Ruffin, C. J.
 

 The defendant was indicted for forging a certain bond, of which the tenor is given, as follows:
 

 “By the fifteenth of November next I promise to pay John Carter fifteen dollars as witness my hand and seal this 24th day of September 1839.
 

 Alx’e. Beadlby [l. s.]”—
 

 with the intent to defraud one Alx’r. Bradley. On the trial, the instrument was produced and evidence given, that Alexander Bradley executed it, as a bond bearing date the 24th of September, 1838, and that he afterwards made a payment on it and took Carter’s receipt therefor, expressed in part of his bond, describing it therein as bear
 
 *492
 
 ing date 24th September, 1838, and that the prisoner, for the purpose of defeating the operation of the receipt, as evidence of á payment on the bond given by Bradley, altered the date from 1838 to 1839.
 

 The counsel for the prisoner objected, that the instrument produced varied from that set forth in the indictment because its date was not 1839, but was still 1838. But the date appearing to the Court on inspection to be 1839, the objection was overruled and the instrument was submitted to the jury. The counsel further insisted, that the evidence of the alteration did not support the charge of forging the whole instrument. But the Court held the contrary and so informed the jury. The counsel further objected, that there was a variance in the manner of writing the name of Bradley in different parts of the bill, which was fatal, But the Court was of a contrary opinion. During the argument before the jury the difference of opinion arose between the solicitor and the counsel for the prisoner, as to a part of the testimony of one of the witnesses, and the solicitor proposed to recall the witness, that he might state for himself what he had said. But the Court would not allow the witness to be recalled, but referred the question to the recollection
 
 of the
 
 jury.
 

 The prisoner was convicted, sentence passed, and he appealed to this Court.
 

 There is no error, The last point was directed to the discretion of the presiding Judge, as he might suppose a further examination of the witness needful or not to the proper understanding of the testimony. So whether the paper produced purported to be dated in 1838 or 1839, is not a question of law, subject to review in this court, but was purely a matter of fact, apparent on the face of the paper, and therefore his Honor was to determine how the fact was; and as his eyes were as good as ours and he
 
 *493
 
 had the instrument before him, and we have not, his determination is properly conclusive.
 

 There is no doubt, that, when a genuine instrument is altered, so as to give it a different effect, the forgery may be specially alleged, as constituted by the alterations, or the forgery of the entire instrument may be charged. As altered it is a forgery for the whole. 2 East. P. C. 986, 988.
 

 The indictment could not properly have set out the name . of Alexander Bradley, different from what it does. The man’s name appears to be “Alexander,” and therefore it is so given, when desorbing the person intended to be defrauded. He did not however sign it in full to the bond, but wrote “ Alex’r.” and the indictment points it spelt in this latter manner, where it sets out the instrument forged, since it was necessary to set it out according to its tenor.
 

 Ordered to be certified to the Superior Court of Buncombe that there is no error.