[No. 2759.   Decided October 25, 1897.]

THE STATE OF WASHINGTON, *Appellant*, v. WILLIAM
H. BARKULOO, *Respondent*.

FORGERY — AUDITOR'S WARRANT — INDORSEMENT — FALSELY UTTERING

Falsely writing the name of the payee of a county warrant upon the back of the warrant as an indorsement constitutes the crime of forgery, under Penal Code, § 63 (Bal. Code, § 7128), which provides that "Every person who shall falsely make, . . . alter, forge or counterfeit . . . any writing obligatory, . . auditor's warrant . . . county order . . . or assignment of any writing obligatory . . . or any other instrument in writing . . . with intent to defraud, . . . shall be deemed guilty of forgery."

Uttering or publishing as true any such instrument, knowing the same to be false or forged, with intent to defraud, is also forgery.

Appeal from Superior Court, Spokane County.—Hon. W. E. RICHARDSON, Judge.   Reversed.

*John A. Pierce*, Prosecuting Attorney, and *Harris Baldwin*, for The State.

The opinion of the court was delivered by

DUNBAR, J.—The respondent was informed against for forgery.   The information was composed of two counts, the first for forgery of the name and indorsement of a payee of a Spokane county warrant, by writing the name of the payee on the back of the warrant, and the second for uttering the forged name and indorsement, knowing the same to be false and forged.

A motion was interposed by the defendant in arrest of judgment, for twenty-two different reasons.   This motion was sustained;   the information was set aside and dismissed,

and the respondent discharged. From the judgment of the court in sustaining the motion and discharging the respondent, the state has appealed to this court.

The constitutional objections to this information, which are set forth in several of the reasons urged for arrest of the judgment, have been so often passed upon by this court that we will not notice them here. The objections that the information does not conform to the requirements of the statute; that the court has no jurisdiction of the person or the subject matter; that the information does not inform the defendant of the nature and cause of the accusation, and other kindred objections to this indictment, have also been passed upon substantially in many other cases adversely to the contention of the respondent.

The only real question at issue in this case is involved in the second ground, viz., that the facts stated in the information do not constitute a public offense, which must be taken in connection with ground No. 15, that the county warrant upon which the forged indorsement was made, is not such an instrument as can be the foundation of the crime of forgery or uttering forged paper.

No brief has been filed by the respondent, and but a very meager one by the appellant, so that the court has been at a loss to know upon what theory the motion in arrest of judgment was sustained. We think, however, that the court erred in sustaining the motion. The statute upon which this information is based is as follows:

"Every person who shall falsely make, or assist to make, deface, destroy, alter, forge, or counterfeit, or cause to be falsely made, defaced, destroyed, altered, forged, or counterfeited, any record, deed, will, codicil, bond, writing obligatory, promissory note for money or property, receipt for property, power of attorney, certificate of a justice of the peace or other public officer, auditor's warrant, treasury note, county order, acceptance or indorsement of any bill of

exchange, promissory note, draft or order, or assignment of any bond, writing obligatory, or promissory note for money or property, or any other instrument in writing, or any brand prescribed by law on tobacco, beef, bacon, or pork cask, lard keg or barrel, salt-barrel, or hay-bale, or any person who shall utter or publish as true any such instrument, knowing the same to be false, defaced, altered, forged, or counterfeited, with intent to defraud any person, body politic or corporate, shall be deemed guilty of forgery." Hill's Penal Code, § 63 (Bal. Code, § 7128).

The indorsement of the name of the payee upon the auditor's warrant certainly altered the warrant, for it changed the payee and made it payable to another person, viz., to any person who might present the warrant for payment. This brings the action within the statute which makes it forgery to alter an auditor's warrant. It also falls within the statute in that it was an indorsement of an order, for the writing of the name of the payee on the back of the warrant is in effect an order for the payment of the same to another person. Again, it is an assignment of writing obligatory, for another effect of the writing of the name of the payee was to assign the warrant to the holder of the same. We think the acts charged in the information plainly bring the case within the statute.

It is alleged by the appellant in its brief, and was in oral argument, that upon the arraignment of the respondent, he demurred to the complaint, which demurrer was overruled; that thereupon he pleaded not guilty; that a jury was impaneled; that a trial was begun, and the state having adduced its evidence, the respondent withdrew his plea of not guilty, and entered a plea of guilty; that he then asked and was granted leave to withdraw his plea of guilty, and moved in arrest of judgment, as we have before indicated. If the record had shown this state of facts, it would no doubt be the duty of this court to reverse the case and di-

rect the court to vacate the order appealed from and to render judgment against the respondent upon his plea of guilty, for a defendant cannot play fast and loose with the court in the manner indicated by the brief of the appellant. But the record, which is exceedingly meager, does not show this state of facts. Indeed, it is a little difficult to obtain from the record an intelligent understanding of the trial of the cause. From what we do gather, though, it appears that the order in arrest of judgment was granted unwarrantably, and the judgment will therefore be reversed and a new trial ordered.

SCOTT, C. J., and ANDERS and REAVIS, JJ., concur.

GORDON, J., concurs in the result.