State v. Samuels.

THE STATE v. SAMUELS, *Appellant.*

### Division Two, May 17, 1898.

1. **Forgery:** UTTERING A FORGED CHECK: INDICTMENT. An indictment charging defendant with uttering a forged check, is set out in the statement of this case, and is *held* to be sufficient, though containing unnecessary allegations.

2. ———: ———: PARTY DEFRAUDED. ˙In an indictment charging the defendant with uttering a forged check, it is not necessary to allege that the intent was to cheat or defraud *any particular person.* But if it is so charged, the proof must support the allegation. The allegation then becomes a material one, and must be established by proof.

3. ———: ———: ———: SÚRPLUSAGE. Nor can such allegation be rejected as being surplusage. If the allegation be so connected with an essential averment as to describe or limit it, it can not be rejected as surplusage.

4. ———: ———: ———: GENERAL AND SPECIFIC. Where defendant is charged, in uttering a forged check, not with a *general* intent to defraud, but with a *specific* intent to defraud a particular person, an instruction that told the jury that he could be found guilty on proof of a *general* intent to defraud, is error.

5. ———: ———: DEFRAUDING A FIRM. Where the goods and money of a firm take up a forged check, it is bad pleading to charge that the check was uttered for the purpose of defrauding a particular member of the firm or one of its clerks.

*Appeal from Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*N. T. Gentry* for appellant.

(1) The indictment is defective and bad for the reason that no definite time is fixed when the alleged offense was committed; this is necessary, especially when the only defense is an alibi. *Ewen v. State,* 13

Mo. 306.; *State v. Hayes*, 24 Mo. 358; 1 Chit. Crim. Law, 179; 1 Arch. Crim. Pl. 83; Wharton's Crim. Pl. & Pr. [8 Ed.], sec. 123; *Clark v. State*, 34 Ind. 436; Kelley's Crim. Law, sec. 182; 1 Bishop on Crim. Proc., sec. 386. (2) When the alleged forged check is set out *in haec verba* in the indictment, the slightest variance in the proof will be fatal. *State v. Fay*, 65 Mo. 490; *State v. Chamberlain*, 75 Mo. 382; *State v. Fleshman*, 23 S. E. Rep. 309; *Westbrook v. State*, 23 Tex. App. 401; *Brown v. People*, 66 Ill. 346. (3) Instruction number 2 should not have been given; it allowed the jury to convict the defendant if he passed the check with intent to defraud any one, while the indictment alleged that he passed it with intent to defraud Walter Robinson. *State v. Warren*, 109 Mo. 432; *State v. Jackson*, 89 Mo. 561; *Mattison v. State*, 3 Mo. 421; Kelley's Crim. Law, sec. 728; 8 Am. and Eng. Ency. of Law, 459. (4) In Missouri it is not necessary to allege an intent to defraud any person in particular. *State v. Rowlen*, 114 Mo. 630; R. S. 1889, sec. 3626. But having alleged that this act was done with intent to defraud Walter Robinson, the evidence and instructions should have been confined to that particular person. *Zellers v. State*, 7 Ind. 659; *U. S. v. Shelmire*, 1 Baldwin, 370; *State v. Reynolds*, 106 Mo. 146; 2 Bishop on Crim. Proc., sec. 420; 1 Starkie on Crim. Pl. [2 Ed.] 112; *Phillips v. State*, 96 Ga. 293. (5) It is a reversible error to make an instruction broader than an indictment. *State v. Smith*, 119 Mo. 447; *State v. Warren*, 57 Mo. App. 502; 10 Am. and Eng. Ency. of Law, 556; *State v. Crow*, 54 Mo. App. 208; *State v. Horn*, 93 Mo. 190; *State v. Hesseltine*, 130 Mo. 475; *State v. English*, 67 Mo. 138; *State v. Donnegan*, 34 Mo. 67; Kelley's Crim. Law, sec. 644 and 647.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1)   The indictment is sufficient. *In re Truman*, 44 Mo. 181; *State v. Watson*, 65 Mo. 115; *State v. Jackson*, 90 Mo. 156; *State v. Smith*, 30 Mo. 120; *State v. Harrison*, 36 Ala. 248.   (2)   The evidence shows that defendant passed a fraudulent check to Mr. Walter Robinson and received value therefor.   It also shows that by the transaction Robinson was defrauded out of $2.30 in money and twenty cents in merchandise. It was shown in evidence that the signature of the check was not the genuine signature of Geo. W. Cutler, although it purported to be such.   Proof that a signature is not genuine, or that it is not the signature of the person purported to have signed, creates a *prima facie* presumption of forgery, and in the absence of explanatory circumstances or direct proof thereon, becomes conclusive.   It may also for the same reason be said that by passing a forged instrument fraudulent intent and guilty knowledge is presumed.   *Com. v. Perkins*, 56 Am. Dec. 123; *People v. Fox*, 98 Ill. 71; 8 Am. and Eng. Ency. of Law, 352; *Walker v. Logan*, 75 Ga. 759; *State v. Rucker*, 93 Mo. 88.   (3)   In an indictment for forgery it is only necessary to set out the material and necessary matter upon the face of the instrument.   It was, therefore, unnecessary, in describing the check, to set out in the indictment the names of the president and cashier of the bank on which the check was drawn, as they appear on its face, nor was it necessary to set out "Press of E. W. Stephens, Columbia, Missouri."   None of these are necessary ingredients of the check.   8 Am. and Eng. Ency. of Law, 815; *Wilson v. People*, 8 Park. Crim. Cases, 178. The description given in the indictment properly conforms to the essential features of the check.   The

omissions in the description made by the indict-
ment are such as do not concern that description re-
quired by law in such cases. *Perkins v. Com.*, 56
Am. Dec. 123; *Miller v. People*, 52 N. Y. 304;
*State v. Jackson*, 90 Mo. 156; Wharton, Crim. Law,
[8 Ed.], sec. 733; *Watts v. State*, 6 Tex. App. 262;
*Com. v. Ward*, 2 Mass. 307; *State v. Simmins*, 7 Ohio,
116. (4) Instruction number 2 upon the part of the
State is in all things fair. It instructed the jury that
if they believe from the evidence, beyond a reasonable
doubt, that defendant, at the county of Boone, and
State of Missouri, at any time within three years next
before the finding of the indictment, with intent to
defraud, passed, uttered or published as true, the
check offered in evidence in the case, knowing the
same to be forged, they should find him guilty as
charged in the second count. No objection can be
made against this instruction. It contains all the
ingredients necessary to constitute the charge and
which must be found by the defendant before a verdict
of guilty could have been returned.

SHERWOOD, J.—The defendant is a negro. He was in
the employ of Dr. Cutler as house servant. Uttering
a forged check is the rock upon which he split, or at
least it is that on which this prosecution is based. The
jury found him guilty under the second count, assess-
ing punishment at five years in the penitentiary.

The second count referred to is the following:
"And the grand jurors aforesaid, on their oaths afore-
said, do further say and present that the said Jake
Samuels, at the county of Boone and State of Missouri,
on the —— day of May, 1897, a certain false, forged
and counterfeit check, purporting to be made by
Geo. W. Cutler, and purporting to be drawn on the
Boone County National Bank of Columbia, Mo., a

banking corporation duly organized according to the laws of the United States of America, which false, forged and counterfeit check is as follows:

" 'COLUMBIA, Mo., May 28, 1897.

" 'Boone County National Bank of Columbia:

" 'Pay to Jake Samuels, or bearer, Two & 50 Dollars.                                    GEO. W. CUTLER.

" '$Two.   50.

"Feloniously did pass, utter and publish, as true and genuine, to one Walter Robinson with intent him, the said Walter Robinson, then and there and thereby, feloniously to injure and defraud, he, the said Jake Samuels, then and there well knowing the said check to be false, forged and counterfeit, against the peace and dignity of the State.            J. H. MURRY,

"Prosecuting Attorney."

This prosecution is bottomed on section 3646, Revised Statutes 1889.

1.   No fault is seen in the form of the indictment, and this assignment of error is ruled against defendant's contention.

2.   But error was committed in several respects which will now receive attention:

Inasmuch as the second count aforesaid charged that the order was uttered "to one Walter Robinson with intent him, the said Walter Robinson, then and thereby, feloniously to injure and defraud," it was necessary *to prove the charge as laid*. It is elementary law that the evidence must correspond with the allegations and be confined to the point in issue.   1 Greenl. Ev. [15 Ed.], sec. 51. It is true our statute (sec. 3983, R. S. 1889) prescribes that "it shall be sufficient in any indictment for any offense where an intent to injure, cheat or defraud shall be necessary to constitute the offense, to allege that the defendant did the act with such intent, without alleging the intent of the

defendant to be to cheat or defraud any particular person" etc., etc.   *State v. Scott*, 48 Mo. 422; *State v. Yerger*, 86 Mo. 33; *State v. Gullette*, 121 Mo. 447.   But although it was wholly unnecessary for the indictment to allege that the intent was to cheat or defraud "any particular person," to wit, Walter Robinson, yet being alleged, it became descriptive of an intent to defraud Walter Robinson and nobody else, and so there was an entire failure of proof; a failure to make the *probata* support the *allegata*.   The issue joined by defendant's plea of not guilty was (not whether he was possessed with a general intent to defraud, which under our statute would have been all that was necessary) but whether he had an intent to defraud *Walter Robinson;* that and nothing more.   Says BISHOP: "If a necessary allegation is made unnecessarily minute in description, the proof must satisfy the descriptive as well as main part, since the one is essential to the identity of the other."   1 New Crim. Proc., sec. 485.   A great number of cases furnish apt illustration of this fundamental principle.   Thus in *State v. Johnston*, 6 Jones L. (N. C.)  485, it was held that though in an indictment under a statute for trading with a slave it was unnecessary to set forth the name of the owner of the slave, yet that if so set forth, it must be proved as laid. So in *John (a slave) v. State*, 24 Miss. 569, a statute of that State provided that:  "It shall not hereafter be necessary to allege in the indictment the name of the owner of any slave guilty of any crime punishable by the laws of this State with death."   And upon this statute it was ruled that though the statute mentioned dispensed with the proof of the ownership in the slave, and the offense was complete when it was shown that a human being was feloniously killed by another human being; but the indictment having alleged ownership, it became an indispensable prerequisite of conviction

that such ownership be proved. It will be noted that the statute just quoted is in its practical import substantially identical with section 3983 of this State.

In *Commonwealth v. Harley*, 7 Met. 506, when the statute, like our own, provided that it should be sufficient to allege an intent to defraud, without naming the particular person to be defrauded, that the government having elected to set forth in the indictment a special intent to defraud one Marsh as the object of the conspirators, that allegation was a material one, and was bound to be established by proof. But that such allegation could not be established by proof that defendants conspired and agreed together to cheat the public generally, or any individual whom they might be able to defraud, and that an instruction to the effect that such evidence was sufficient for the purpose indicated, constituted reversible error. In *State v. Copp*, 15 N. H. 212, the indictment charged the defendant with resisting a deputy sheriff in the discharge of his duty, an averment that the sheriff was "legally appointed and duly qualified," having been needlessly injected into the indictment was held to be descriptive and consequently must be proved. In *Commonwealth v. Luscomb*, 130 Mass. 42, the indictment charged the defendant with having in his possession, with intent to sell, "one pint of adulterated milk, to which milk water had been added," it was held that the government must prove that water had been added to milk *already adulterated*, and that proof of the addition of *water only* to the milk would not support the indictment. An indictment for stopping the mail unnecessarily alleged a contract between the postmaster-general and the mail carrier, was held not to be supported without proof of such contract. *U. S. v. Porter*, 3 Day, 283.

And though mere surplusage may be rejected,

stricken out or disregarded, yet this is not the case when it is connected with the offense charged. 3 Rice, Crim. Ev. 168, and cases cited. Wharton says: "Essential allegations, however, can not be rejected as surplusage. . . . . . . . An allegation in an indictment which describes, defines, qualifies or limits a matter material to be charged, is a descriptive averment, and must be proved as laid, even though such particular description was unnecessary." Crim. Ev. [9 Ed.], secs. 143, 146.

The rule is that if after rejecting the redundant allegations enough be left to constitute the offense charged, that this suffices, provided that which is alleged, but not proved, be neither essential to the charge nor describe or limit that which is essential. 1 Chit., Crim. Law, 250; *State v. Meyers*, 99 Mo. 107.

Under these authorities it is quite clear that nothing contained in the charging part of the present indictment can be rejected as surplusage. In this indictment the charge is of a *specific* intent to defraud, which, of course, can not be supported by proof of a *general* intent to defraud.

3.   Consequent to the foregoing observations, the second instruction given on behalf of the State, to the effect that defendant could be found guilty on proof of a *general* intent to defraud, was erroneous.

4.   In this case, as already noted, the charge was of an intent to defraud *Walter Robinson*. It *seems* that there was a firm doing business at the mercantile establishment where the check in question was uttered of the name and style of Baker, Robinson & Company, and it *seems* that Baker, Robinson and Schaefer composed that firm; but there is nothing definite in the record on either of these points. Nor does it appear whether the Walter Robinson mentioned in the indictment was a member of that firm or not, or whether he

was merely acting in the capacity of a clerk in the store. If he was a member of such a firm, then the intent was not to defraud *him*, but the *firm*, since it *seems* that it was the firm's money and goods that took up the forged check. If, on the other hand, Robinson, in transacting the business about the check, acted as the clerk of the firm, still the pleader, if he chose to descend into particulars (instead of making the general averment permitted by section 3983), should have charged that the intent was to defraud the firm. To illustrate: This court in the recent case of *State v. Turley*, 142 Mo. 403, where the indictment charged an intent to cheat the "Springfield Stove Works," a corporation, BURGESS, J., speaking for the court, in closing his opinion observed: "It was shown that Lovan was the credit clerk and agent of the Springfield Stove Works and the false pretenses made to him were made to the *corporation*, and the property obtained from it through its authorized agent."

These remarks are made tentatively in order that evidence appropriate under this head may be properly developed at the new trial of this cause, and, if need be, that a new indictment be found.

Therefore judgment reversed and cause remanded. All concur.