## THE STATE v. HESTERLY, Appellant.

### Division Two, November 17, 1903.

1. **Judgment:** SENTENCE IN CRIMINAL CASE: MUST INDICATE RELATION TO VERDICT. Sentence pronounced in a criminal case constitutes the judgment. While the absence of a particular form in a judgment will not necessarily invalidate it, yet the judgment itself must clearly indicate its relation to the verdict upon which it is based.

2. ——: ——: VERDICT FOR DEFILEMENT: SENTENCE FOR RAPE. The information charged defendant with defiling a female confided to his care and protection. The verdict of the jury was, "guilty as charged." The judgment recited that defendant "having been found guilty of statutory rape by jury trial as charged in the information, and his punishment assessed at five years in the penitentiary for said offense," etc.; and the sentence was for the offense of which the judgment indicated defendant was convicted. *Held,* that such judgment and sentence were not responsive to the verdict, and the cause is remanded with directions to render judgment and sentence defendant upon the verdict as returned by the jury.

Appeal from Howell Circuit Court.—*Hon Argus Cox,*
Special Judge.

REMANDED (*with directions*).

*Green & Clark* for appellant.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

FOX, J.—At the January term, 1903, of the Howell Circuit Court, the prosecuting attorney of said county filed against appellant his information consisting of two counts; the first charging him with carnally knowing one Anna Byers, an unmarried female of the age of sixteen years, of previous chaste character, and the second count charging him with defiling the said Anna Byers while she was confided to the care and custody of appellant as a pupil in the school of which appellant was the teacher.

The cause coming on for trial on the 24th day of March, 1903, before Hon. Argus Cox, judge of the Eighteenth Judicial Circuit, sitting as special judge, with a jury, defendant, appellant herein, filed his application for a continuance, to which the prosecuting attorney filed his counter-affidavit, and appellant filed his rejoinder, thereto. The application for continuance was overruled.

Whereupon, the State entered a *nolle prosequi* to the first count in the information. The defendant was then arraigned on the second count in the information and entered a plea of not guilty thereto. A trial was held which resulted in a verdict of the jury finding the defendant guilty and assessing his punishment at imprisonment in the penitentiary for a term of five years. To reverse the judgment and sentence defendant, appellant herein, brings the cause to this court on appeal.

The amended information upon which defendant was tried, omitting caption, is as follows:

"M. E. Morrow, prosecuting attorney, within and for the county of Howell, in the State of Missouri, informs the court that on the — day of December, A. D., 1902, at the said county of Howell, one William Hesterly, a male person, then and there over the age of sixteen years, to-wit, of the age of twenty-eight years, in and upon one Anna Byers, an unmarried female of previous chaste character, between the ages of fourteen and eighteen years of age, to-wit, of the age of sixteen

years, did then and there, willfully, unlawfully and feloniously make an assault, and her, the said Anna Byers, then and there willfully, unlawfully and feloniously did carnally know and abuse; against the peace and dignity of the State.

"And M. E. Morrow, prosecuting attorney as aforesaid, further informs the court that on the — day of December, A. D., 1902, at said Howell county, said William Hesterly, being then and there a public school teacher in said county, and as such teacher being then and there a person to whose care and protection one Anna Byers, as a student was then and there confided, did then and there willfully, unlawfully and feloniously, defile her, the said Anna Byers, by then and there unlawfully, feloniously and carnally knowing her; she, the said Anna Byers, then and there being a female under the age of eighteen years, to-wit, of the age of sixteen years, and she, the said Anna Byers, then and there being and remaining in the care, custody, employment and protection of the said William Hesterly, against the peace and dignity of the State."

It will be observed that the defendant was convicted upon the second count of the information.

The following verdict was returned by the jury: "We, the jury, find the defendant guilty as charged, and assess his punishment at five years in the penitentiary."

The State having dismissed as to the first count in the information, there was left only one charge upon which the defendant was tried and convicted. The verdict of the jury was correct in form, when they say "guilty, *as charged;*" it could only have application to the only remaining charge against him, as contained in the second count of the information.

The judgment rendered in this cause is as follows:

"Now at this day comes the prosecuting attorney for the State and also comes the defendant herein, in person, in the custody of the sheriff of this county, and

State v. Hesterly.

in presence of his attorneys and counsel in open court, wherupon the said defendant is informed by the court that he, *Will Hesterly, having been found guilty of statutory rape* by jury trial as charged in the information, and his punishment assessed at five years in the penitentiary *for said offense,* and being now asked by the court if he had any legal cause to show why judgment should not be pronounced against him according to law, and still failing to show such cause, it is therefore sentenced, ordered and adjudged by the court that the said defendant, Will Hesterly, having been found guilty as aforesaid, be confined in the penitentiary of the State of Missouri, for the period of five years from the 24th day of March, 1903, and that the sheriff of this county shall, without delay, remove and safely convey the said defendant to the said penitentiary, there to be kept, confined and treated in the manner directed by law, and the warden of said penitentiary is required to receive and safely keep him, the said defendant, in the penitentiary aforesaid until the judgment and sentence of the court herein be complied with, or until the said defendant shall be otherwise discharged by due course of law. It is further considered, ordered and adjudged by the court that the State have and recover of said defendant the costs in this suit expended, and that hereof execution issue therefor.''

While the defect in this judgment has not been called to our attention by counsel for appellant, yet an examination of the record has disclosed it, and we realize that after fully reviewing the entire record, our attention for the first time may be called, by a motion for rehearing, to the absence of such a judgment, upon which this court would be authorized to act. This was done in the case of State v. Holland, 160 Mo. 667.

It is fundamental, both in criminal as well as in civil cases, that the final judgment of the court must be rendered upon the subject-matter involved in the trial. Sentence pronounced, in a criminal case, constitutes the

judgment, and it must be presumed that the record expresses the judgment rendered.

While the absence of a special or particular form in a judgment of sentence would not necessarily invalidate the judgment, yet the judgment itself should at least clearly indicate its relation to the verdict upon which it is based.

It will be observed that the verdict of the jury in this cause finds the defendant guilty of defiling a female confided to his care and protection, yet the judgment of sentence clearly indicates that the defendant was sentenced for the offense of *"rape."* The judgment in this cause is not in accord with any other part of the record; but is directly in conflict with it.

The judgment recites that the court informed the defendant that he, having been "found guilty of statutory rape as charged in the information and his punishment assessed at five years in the penitentiary *for said offense,"* etc. The terms, "for said offense," beyond question refer to the express designation of the offense, as mentioned preceding the use of the term "for said offense." Then follows the sentence for the offense, of which the judgment indicates the defendant was convicted.

We have reached the conclusion that this judgment is void for the reason that defendant was not sentenced for the offense of which he was found guilty by the jury. The defendant was not convicted of rape, nor was the offense of rape charged in the information, and this judgment expressly recites that he was convicted of that offense, and that it was charged in the information, all of which is directly in conflict with the disclosures of the record. It was only necessary to refer to the verdict of the jury, finding the defendant guilty of the offense charged, without designating the particular offense; but when the judgment, as this one does, refers particularly to the offense of which defendant was convicted and proceeds to sentence him accordingly, if such record is

to be taken as the expression of the judgment in fact rendered, we are unable to see our means to escape the conclusion that the defendant was sentenced to the penitentiary for an offense of which he was neither charged nor convicted. This being the condition disclosed by this record, it is appropriate that this court have a valid judgment upon which to base its action, as to the errors complained of, before it proceeds to review the entire record.

As before stated, the verdict in this cause is in due form; the trial court still has the power to sentence the defendant and render the proper judgment upon the verdict; when this is done, this court will doubtless have an opportunity of reviewing this entire record.

Entertaining these views, this cause will be remanded, with directions to the trial court to sentence the defendant and render judgment upon the verdict as returned by the jury. [State v. Shea, 95 Mo. l. c. 91; State v. McClain, 137 Mo. l. c. 317; State v. Holland, 160 Mo. 667.]

All concur except *Burgess, J.*, absent.