# THE STATE v. MARY L. ANDREWS, Appellant.

### Division Two, February 23, 1923.

1. **FORGERY: Indorsement: Information: Competent Evidence.** Where an entire instrument is alleged to have been forged, the charge is sustained by proof of the forgery of any material part of it. The charge being that defendant passed, uttered and published as true a forged check and there being no evidence that the check was genuine, testimony by the payee that the indorsement of his name on its back was a forgery is competent without a specific allegation that said indorsement was a forgery.

2. ————: ————: **Liability.** The indorsement by the payee of his name upon a genuine check renders him liable to the holder for its payment; and where the entire check is alleged to have been forged proof that the payee's indorsement was a forgery is competent.

3. ————: **Instruction: Possession of Forged Check: Presumption.** An instruction to the jury that "the possession of a forged instrument and an attempt to sell it are evidence that the possessor forged it" is error, since no presumption of guilt of forging the instrument arises from its possession.

4. ————: **Uttering Forged Check: Instruction: Presumption Arising from Possession.** Forging a check, and uttering as true a forged check with intent to defraud, are distinct offenses, requiring different proof to support a conviction. Therefore where defendant was charged with passing, uttering and publishing as true a forged check with intent to defraud, the giving of an instruction telling the jury that "the possession of a forged instrument and an attempt to sell it are evidence that the possessor forged it" was not pertinent to the offense charged, and was prejudicial error. To support the charge it was not necessary to prove that defendant forged the check; it was only necessary to prove that defendant uttered it knowing it had been forged.

5. ————: ————: **Sufficient Evidence.** Testimony that the indorsement of the payee's name on the check was a forgery, together with defendant's unexplained possession of it, her failure to show how she obtained such possession, her offering it for sale and selling it, her appropriation to her own use of the proceeds of the

State v. Mary L. Andrews.

sale, her connection with another like transaction shown to be fraudulent and her general unsavory reputation, are ample facts to establish the charge that she passed, uttered and published as true a forged check with the intent to defraud.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain*, Judge.

REVERSED AND REMANDED.

*A. L. Shortridge* for appellant.

(1)   The information does not mention a forged indorsement and does not state that the defendant knew the indorsement to have been forged. She was placed on trial charged with uttering a forged and counter-feited check, and was convicted of the charge of uttering a check on which an indorsement only is forged, thus being tried for an offense with which she has not been charged and which she had no opportunity to meet. The rule laid down by Kelly regarding forged indorsements is: "Forging something merely collateral to an instru-ment is not a forgery of the instrument, as forging an acceptance or indorsement of a genuine bill of exchange. In such case the forging of the addition must be specifi-cally alleged as the offense and proved as laid." Kelly's Crim. Law & Prac. (3 Ed.) 704, sec. 801; Rex v. Birkett, Russell & Ryan, 251; State v. Carragin, 210 Mo. 355. A forged indorsement would constitute forgery within the meaning of our statute, but appellant's contention is she could not be placed on trial for uttering a forged check and then convicted of uttering a genuine check on which there was only a forged indorsement. The in-dorsement is collateral to the check, and a forgery of the indorsement can not be a forgery of the instrument. (2) Instruction numbered 4 reads: "The court instructs the jury that possession of a forged instrument and an at-tempt to sell it, are evidence that the possessor forged it." The giving of this instruction is error (a) because the defendant is not charged with forging either the

check or the indorsement, but simply with uttering it, and (b) because it requires defendant to explain away her supposed guilt, thus nullifying her presumption of innocence, as stated in a former decision of this court. State v. Hathhorn, 166 Mo. 240; State v. Psycher, 179 Mo. 156.

*Jesse W. Barrett*, Attorney-General, and *Henry Davis*, Assistant Attorney-General, for respondent.

(1) On the trial of a person charged with uttering a forged check, the introduction of evidence tending to prove a forged indorsement on the check is not error. State v. Witherspoon, 231 Mo. 718; State v. Mitton, 37 Mont. 366; United States v. Peacock, 27 Fed. Cas. No. 16019; State v. Miles, 22 Ida. 166. (2) The court erred in instructing the jury that the mere possession of a forged instrument and an attempt to sell it are evidence that the possessor forged it. State v. Hathhorn, 166 Mo. 240; State v. Swarens, 294 Mo. 139.

WALKER, J.—Appellant was charged by information in the Circuit Court of Pettis County with passing, uttering and publishing as true a forged check with the intent to defraud, as that offense is defined in Section 3441, Revised Statutes 1919. Upon a trial, she was convicted and sentenced to two years' imprisonment in the penitentiary; from which judgment, she appeals.

In April, 1921, the appellant presented a check for thirty-five dollars, to one Gallagher, a business man of Sedalia, for payment. The check purported to have been drawn on the Nelson State Bank, payable to Henry Reece or bearer, with J. James Reisen as drawer, and was endorsed on the back with the names of Henry Reece, M. L. Andrews and Union Watch & Optical Company. The check showed that the drawer had refused payment on it, and it was marked, "Has no account here." After it was returned to Gallagher, he asked the appellant about it, and she said she would see Henry Reece, as she

had gotten the check from him and would get the money from him. She failed to comply with this promise, and Gallagher tried ineffectually to locate the purported drawer of the check.

Henry Reece testified that he was acquainted with the appellant; that the first time he saw the check was when the American Exchange Bank, to which it had been presented for payment, gave him notice of it; that he did not endorse his name on the back of it at any time; that the appellant once presented a check to him, which purported to have been drawn by J. T. Swope, requesting him to cash it for her, which he did; that the check was returned to him for want of funds; that he redeemed it, but was never repaid by the appellant. J. T. Swope testified that he never signed the check purporting to bear his signature.

Appellant's testimony was that she had never seen the check purporting to have been signed by J. T. Swope and did not know him; that she did not know J. James Reisen, and that Henry Reece brought the check to a Mrs. Minor, and asked her to get the cash; that Mrs. Minor could not do so, and that appellant volunteered to get the money for her; that she cashed it at Mr. Gallagher's store, and gave Mr. Reece five dollars on it, and that he loaned her the balance; that Reece endorsed the check before giving it to Mrs. Minor to have it cashed. Mrs. Minor testified in corroboration of this statement.

In rebuttal Reece denied that he had signed the check. The State offered testimony to the effect that the general reputation of the appellant for truth and veracity was bad.

Appellant urges the following assignments of error: 1. the admission of the testimony of Henry Reece, the payee, to prove the forged endorsement; 2, the giving of an instruction numbered 4 for the State; 3, the refusing of an instruction in the nature of a demurrer to the evidence asked by the appellant.

I. The competency of the testimony of Henry Reece to the forgery of the endorsement of his name on the

State v. Mary L. Andrews.

back of the check is challenged on the ground that the
information is general in its terms and contains no aver-
ment of the forging of the endorsement.
**Proof of Forged** This contention is based upon the as-
**Indorsement.** sumption that the check, aside from the
endorsement, was genuine.  The proof shows this as-
sumption to be without foundation.  This conclusion
agrees with the facts, and none of the circumstances con-
nected therewith have the effect to lessen its probative
force.  On the contrary, all of the evidence, as will more
fully appear in discussing its sufficiency, tends to show
that the check was, as charged, without a semblance of
genuineness.  The rule is well established that where an
entire instrument is alleged to have been forged, the
charge is sustained by proof of the forgery of any ma-
terial part of same.  [2 East, Pleas of the Crown, 979;
Comm. v. Butterick, 100 Mass. l. c. 18; State v. Gardiner,
23 N. C. 27; State v. Weaver, 35 N. C. 491.]

There need be little room for a discussion of the
question as to whether the endorsement of Henry Reece's
name on the check rendered it a material part of same.
He was the payee named therein.  Under the law of
negotiable instruments, the endorsement of the payee's
name thereon renders him liable to the holder of the
paper for its payment.  In the absence of the endorse-
ment the prime essential to enable the holder to convert
the check into cash would be absent.  After the endorse-
ment, the holder, if the check was genuine, could have
looked to Reece for its payment.  It will be seen that the
effect of the endorsement was to give a value to the check
which enabled it to be readily converted into cash, which
it did not theretofore possess.  This value was limited
only by the solvency of those liable for its payment.
[Saucier v. State, 102 Miss. 647.]

Aside from the assumption as to the genuineness of
the check, it is contended that the endorsement is a col-
lateral matter and that it should have been specifically
alleged as the offense and proved as laid.  It will be seen
from an examination of the English case (Rex v. Birkett,

Russ. & R. 251), here relied on to sustain this contention, that the rule as thus announced was held not to apply except to endorsements on genuine bills of exchange. Where the rule is read with discrimination, it will be found thus limited in Kelly's Criminal Law (3 Ed.) sec. 801. Its further extension here, as sought to be made by the appellant, is unwarranted.

While it is true that forgery, as defined by our law, is a statutory crime and a charge therefor should fall within the statutory definition, the rule is well established that the making and uttering of a forged endorsement on a negotiable instrument of the name of the payee is held to be a forgery, although not in terms so classified in either Section 3441 or 3449, Revised Statutes 1919; and evidence of such endorsement may be admitted although not alleged in the indictment to prove the forgery of the instrument.

In harmony with this rule is our holding in State v. Carragin, 210 Mo. l. c. 372, in which it was said: "As to the last assignment of error, that the endorsement was not such an 'instrument or writing' as is contemplated by the statute denouncing forgery, we think that an endorsement comes clearly within the letter and the spirit of our statute" (now Sec. 3446, R. S. 1919) "which provides that 'every instrument partly printed and partly written, or wholly printed, with a written signature thereto, and every signature of an individual, firm or corporate body, . . . and every writing purporting to be such signature, shall be deemed a writing and a written instrument within the meaning of the provisions of this chapter.' "

So the court said in United States v. Jolly, 37 Fed. 108, l. c. 110; "The next objection is that the indictment is only for the recovery of an indorsement upon the post-office warrant, which is not within the Revised Statutes, sec. 5414, but is at most only a common-law or state offense, of which this court has no jurisdiction. This is a very narrow view of the statute, and trims it to dimensions that would very materially impair its useful-

State v. Mary L. Andrews.

ness, and leave the obligations and securities of the United States at the mercy of forgers and counterfeiters. I do not comprehend why the name of the payee is not as much a part of the instrument as that of him who, in behalf of the United States, signs the warrant or check." Similarly it was said in State v. Barkuloo, 18 Wash. 54, 50 Pac. 577: "The indorsement of the name of the payee upon the auditor's warrant certainly altered the warrant, for it changed the payee and it made it payable to another person, viz., to any person who might present the warrant for payment. This brings the action within the statute which makes it forgery to alter an auditor's warrant. It also falls within the statute in that it was an indorsement of an order, for the writing of the name of the payee on the back of the warrant is in effect an order for the payment of the same to another person. Again, it is an assignment of a writing obligatory, for another effect of the writing of the name of the payee was to assign the warrant to the holder of the same. We think the acts charged in the information plainly bring the case within the statute." [Ann. Cas. 1915A, p. 1046; McGee v. State, 137 S. W. 686; Carlton v. State, 60 Tex. Cr. Rep. 584; 2 Whar. Cr. L. (11 Ed.) p. 1154, note 1.]

Many other cases to a like effect may be found in the elaborate notes on this subject appended to Saucier v. State, Ann. Cas. 1915A, 1046.

II.   The second assignment is as to the giving by the court of this instruction: "The court instructs the jury that the possession of a forged instrument and an attempt to sell it are evidence that the possessor forged it." This instruction is counter to the

*Instruction: Presumption from Possession.* rule as recently announced by this court in State v. Swarens, 241 S. W. (Mo.) 934, concerning the presumption arising from the possession of recently stolen property. The rule as there announced, under the reasoning of a majority of the court, would find appropriate application to a like presumption that has always heretofore obtained in regard to the possession

of a forged instrument. This contrariety would alone be sufficient to render the giving of the instruction error. It would probably be so held if it conformed, as it does not, to the approved requirements of an instruction in State v. Psycher, 179 Mo. l. c. 156, as to the presumption of guilt arising from the possession of a forged instrument.

A more comprehensive objection to the instruction is that it is not responsive to the issue submitted, or more definitely, the crime charged. While the offense here charged is classified as a forgery, the distinction between a forgery as usually understood and the passing, uttering or publishing of a forged instrument is not to be ignored. [2 Bish. Cr. Pro. 428.]

Three things are essential to constitute the crime of forgery as generally understood: 1. A false making or other alteration of an instrument of writing; 2, a fraudulent intent; 3, an instrument so altered as to be apparently capable of effecting a fraud. [4 Bl. Com. 247; 2 East, Pl. Cr., chap. 19, sec. 1, p. 852.]

In defining an uttering, this court in an early case, State v. Horner, 48 Mo. 521, says in effect that to utter, as the term is employed in the statute, means to offer a forged instrument for payment with the representation by words or acts that the same is genuine whether it be accepted or not. It is defined elsewhere as the offering to another of a forged instrument with a knowledge of its falsity with the intent to defraud. [Maloney v. State, 91 Ark. 485, 134 Am. St. 83; State v. Evans, 15 Mont. 539, 48 Am. St. 701.] From these definitions it will be seen that notwithstanding the statutory classification, the offenses are generically distinct one from the other. Recognizing this fact, this court held in State v. Williams, 152 Mo. l. c. 123, that "being distinct offenses, neither was merely a degree of the other." In that case an acquittal of the charge of uttering and having in defendant's possession a forged note was held not to be a bar to a subsequent trial under another indictment charging him with the forgery of the note. The indictment for

uttering was held to have charged a different offense from that charging the forgery.

"Forgery," says the Supreme Court of Arkansas, in Ball v. State, 48 Ark. l. c. 102, "is one offense, and the uttering of a forged instrument as genuine, without knowing it to be false and forged, is another." The fact that under statutory authority in some jurisdictions, counts for each of these offenses may be joined in one indictment and the State not be compelled to elect, does not militate against the correctness of this conclusion. The facts alleged in an indictment for forgery, if shown to be true, would not warrant a conviction for uttering a forged instrument. On a trial for the latter offense, proof of the forgery of the check by the appellant was not necessary. That it had been forged and that appellant uttered it knowing it to have been a for-gery was all that was necessary. It, therefore, appears that the evidence necessary to support a conviction upon one charge would not be sufficient in the other. [State v. Carragin, supra; State v. Williams, supra; State v. Blodgett, 143 Iowa, 578, 21 Ann. Cas. 231; State v. Bigelow, 101 Iowa, 430; Comm. v. Miller, 115 S. W. (Ky.) 234; Hooper v. State, 30 Tex. App. 412, 28 Am. St. 926.]

The instruction, therefore, was in nowise responsive to the offense charged, and although incorrect as applied to the presumption flowing from the possession of a forged instrument, could not be otherwise construed than as prejudicial to the appellant, and we so hold.

III. The unexplained possession of the check; the failure of the appellant to show, except in the most unsatisfactory manner, how she obtained such possession; the offering of same for sale and the selling of same, through the medium of a forged endorsement of the payee's name; her application to her own use of the proceeds; her connection with a like transaction shown to have been fraudulent; and her general unsavory reputation, afford ample grounds for the submission of the case to the jury.

*Sufficient Evidence.*

The error committed in the giving of the instruction, however, requires that the case should be reversed and remanded, and it is so ordered. All concur.