THE STATE v. MELVIN THOMAS, Appellant.—53 S. W. (2d) 266.

Division Two, September 28, 1932.

300

*Stratton Shartel*, Attorney-General, and *C. A. Powell*, Assistant Attorney-General, for respondent.

ELLISON, J.—The appellant was convicted in the Circuit Court of Douglas County of passing and uttering a forged promissory note. The jury found him guilty but were unable to agree on the punishment. The trial court thereupon assessed it at two years' imprisonment in the penitentiary. No brief in behalf of appellant has been filed in this court.

A purported bill of exceptions was lodged here, but the record contains no recital that any bill of exceptions was allowed and filed below, the bill bears no stamp or indorsement showing it to have been filed in the circuit court, and no certificate of any sort

by the circuit clerk is attached thereto. All that appears anywhere on the point is the following at the end of the bill: "Now on this 11 day of January, 1932, comes the defendant, by his counsel, and asks that this, his bill of exceptions, be signed, sealed and made a part of the record in said cause. Which is accordingly done this 11 day of January, 1932." Below this recital is a pen signature purporting to be that of Hon. Robert L. Gideon, trial judge. This is wholly insufficient to authenticate the bill. Under the statutes it must be certified by the clerk. [Secs. 3756, 3757, R. S. 1929; State v. Ottensmeyer (Mo.), 51 S. W. (2d) 39.]

There remains for review nothing but the record proper. We find no error apparent on the face thereof. The information followed closely Section 4195, Revised Statutes 1929, and is substantially like one approved in State v. Samuels, 144 Mo. 68, 45 S. W. 1088. It is charged the forged note was passed on December 31, 1924. The prosecution was not instituted until January 3, 1930. In order to avoid the Statute of Limitations there is a further allegation that the defendant had not been an inhabitant of or usually resident within this State between January 7, 1925, and November 29, 1929; and that during said period he was a fugitive from justice. This conforms to Section 3394, Revised Statutes 1929, and follows a form approved in State v. Snyder, 182 Mo. 462, 497, 82 S. W. 12, 22.

In all other respects the record proper is sufficient. It is shown that the defendant waived formal arraignment and pleaded not guilty; that the trial proceeded on the information, the defendant being present and the jury duly impaneled and sworn; that a verdict was returned in form complying with the law; that the defendant was granted allocution; and judgment and sentence pronounced.

In the motion for new trial it is charged that the court erred in submitting to the jury a certain form of verdict following their announcement that they could not agree on the punishment, and in receiving the verdict after it had been returned by the jury. The verdict is set out and the contention is that it was special, not general, and that certain necessary findings were omitted therefrom. But as there is no bill of exceptions before us we cannot consider the assignments in the motion for new trial. The verdict shown in the record proper is not like the one appearing in the motion. It says merely: "we the jury find the defendant Melvin Thomas, guilty as charged in the second count in the Information, but we cannot agree on the punishment. (Signed) Chas. Silvey, Foreman." This is obviously a general verdict, and complies with the law. [State v. Todd (Mo.), 248 S. W. 939; State v. Hesterly, 178 Mo. 43, 45, 76 S. W. 985, 986.]

For the reasons given, the judgment is affirmed. All concur.