**MEEKS v. KAISER, Warden of Missouri State Penitentiary.**

**No. 12112.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 16, 1942.

Clyde Meeks, for appellant, pro se.

Ernest Hubbell, Asst. Atty. Gen., of Missouri (Roy McKittrick, Atty. Gen., on the brief), for appellee.

Before STONE, THOMAS, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

This is an appeal from an order of the District Court denying a petition for a writ of habeas corpus.

Appellant is an inmate of the Missouri State Penitentiary, under a fifteen year sentence by the courts of that state for robbery, and a subsequent seven year sentence for forgery. His robbery sentence began on June 19, 1930. On October 24, 1938, he was granted a commutation and parole, which was conditioned, among other things, that he would not violate any law of the state during his parole period, to September 21, 1941, and which further provided that, on a breach of any parole condition, his commutation should stand forfeited and his original sentence should remain in full force and effect.

While he was out on parole, he was convicted of uttering a forged check, which offense, under the Missouri statutes, was made the equivalent of forgery, and, on November 24, 1939, he was sentenced to the penitentiary for seven years. On July 11, 1940, because of this subsequent conviction, the Governor revoked his commutation and parole, and directed that appellant be required to serve his original fifteen year sentence in full.

Section 9226, Mo.Rev.St. 1939, provides that, "if any convict shall commit any crime in the penitentiary, or in any county of this state while under sentence, * * * such convict may be charged, tried and convicted in like manner as other persons; and in case of conviction, the sentence of such convict shall not commence to run until the expiration of the sentence under which he may be held * * *". The petition alleges that appellant is now being made to serve the balance of his sentence for robbery, and that he will be required to serve his sentence for forgery thereafter.

The first contention made here is that appellant is being deprived of his liberty without due process, because the information on the charge of uttering a forged check is a legal nullity and ought not to be allowed to be made the basis for a conviction and sentence, and that the revocation of his commutation and parole on the ground of this conviction should therefore also be held to be ineffective.

It has frequently been said that the sufficiency of an information or indictment will not be reviewed on habeas corpus. See Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036, and cases there cited; Telfian v. Johnston, 9 Cir., 122 F.2d 346. A more exact statement perhaps is that the court, on habeas corpus, will not examine the information or indictment further than to see that it affords a jurisdictional basis for the conviction. Knight v. Hudspeth, 10 Cir., 112 F.2d 137, certiorari denied 311 U.S. 681, 61 S.Ct. 62, 85 L.Ed.

439; Moore v. Aderhold, 10 Cir., 108 F.2d 729. The meaning of "jurisdictional basis", in this connection, is a bit confused in some of the cases, but it would appear that an accusatory pleading, in which the acts charged do not constitute a recognized crime, or in which the facts necessary to be alleged patently can not constitute the offense charged, under any possible form of statement, is generally regarded as having no legal effect, as being incapable of supporting a conviction, and hence as failing to give the court jurisdiction to render any judgment thereon. See 25 Am.Jur. 176, § 44. To this extent at least, an information or indictment should be examined on habeas corpus, under the principles declared by Mr. Justice Cardozo, in Hill v. United States ex rel. Wampler, 298 U.S. 460, 467, 56 S.Ct. 760, 763, 80 L.Ed. 1283: "The writ of habeas corpus searches the record back of the commitment. It lays a duty on the court to explore the foundations, and pronounce them false or true."

The information in this case does not present a question of "jurisdictional basis", within the rule set out above. At most, the situation is simply one where there has been a departure from the conventional formula of accusatory expression. Ritualistic verbalism is not a part of due process. Beyond this, the Missouri Supreme Court has expressly held that an indictment in almost identical language with that here involved is not even erroneous, and hence it obviously much less can be claimed to be void. See State v. Samuels, 144 Mo. 68, 45 S.W. 1088, 1089, cited with approval in State v. Thomas, 331 Mo. 299, 53 S.W.2d 266.

Appellant argues next that his sentence is void because it is for an offense different than that of which he was convicted. The information charged him with the crime of uttering a forged check, with knowledge of the forgery, and with an intent to defraud. The jury returned a verdict of "guilty as charged in the information", and fixed the penalty at seven years in the penitentiary. The order imposing sentence recites that, appellant having been found guilty of "forgery as charged in the information * * *, it is ordered by the court that defendant having been found guilty as aforesaid be imprisoned in the State Penitentiary for a period of seven years". The complaint here is that the court wrongfully sentenced him for forgery, whereas he was convicted of uttering a forged check.

Under section 4584, Mo.Rev.St. 1939, it is provided that any person who shall be convicted of uttering a forged check "shall, upon conviction, be adjudged guilty of forgery in the same degree as hereinbefore declared for * * * forging * * * the instrument * * * attempted to be * * * uttered". Section 4571, Mo.Rev. St. 1939, provides that the forging of a check shall constitute forgery in the second degree, and section 4594 prescribes a punishment for such offense of not less than two nor more than ten years imprisonment in the penitentiary. While the acts of forging a check and of uttering it constitute separate offenses under the Missouri statutes referred to, and are required to be charged as such (State v. Andrews, 297 Mo. 281, 248 S.W. 967), this clearly does not prevent the legislature from generically branding both of them as forms of forgery, for sentence purposes, and making them subject to the same penalty. No element of due process could be violated by such a classification, which would void appellant's sentence. On the facts in the record and under the state statutes, he is not being restrained for an offense other than that of which he has been convicted.

What has been said disposes also of appellant's contention that his commutation and parole were improperly revoked, because his conviction and sentence on the uttering of a forged check were void, if that question is at all open to consideration here. The argument that, by failing to make such revocation until after the second conviction and commitment, the Governor was precluded from taking such action as a matter of laches does not even merit discussion.

The order in which appellant may be required to serve his respective sentences, as a matter of state law, is not a matter for cognizance in this habeas corpus proceeding, under the circumstances of the case. He has been committed to the penitentiary on two valid sentences, neither of which he has served. Clearly, he can not claim that he is being unlawfully restrained of his liberty at the present time. That is as far as we have jurisdiction to inquire in the situation presented to us. Connella v. Haskell, 8 Cir., 158 F. 285, 87 C.C.A. 111; McNealy v. Johnston, 9 Cir., 100 F.2d 280; Wall v. Hudspeth, 10 Cir., 108 F.2d 865.

The facts which we have recited all appear in the petition. On its face, therefore, it is obvious that appellant was not entitled to the issuance of a writ of habeas corpus, and there could accordingly be no error in denying it without a hearing. 28 U.S.C.A. § 455; Estabrook v. King, 8 Cir., 119 F.2d 607, and cases there cited.

Affirmed.