### UNITED STATES ex rel. CATANZARO v. HIATT, Warden, et al.

#### No. 169.

District Court, M. D. Pennsylvania.

March 24, 1944.

Hayden Covington, of Brooklyn, N. Y., for petitioner.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for respondent.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus filed in this Court by the relator, Santo Catanzaro, father of Sam. Catanzaro, Jr.

The petitioner, Sam. Catanzaro, Jr., by the relator, alleges that he is now a prisoner in the United States Penitentiary at Lewisburg, within the Middle District of Pennsylvania, and that he is wrongfully and illegally deprived of his liberty.

The facts as they appear on the face of the petition are as follows: The petitioner registered under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., on October 16, 1940, with his local board in Bergen County, New Jersey. Petitioner thereafter filed his questionnaire claiming that he was a duly ordained minister and also that he was a conscientious objector. Petitioner then filed the form required to be made out by conscientious objectors. On February 10, 1942, petitioner was classified in Class 1V–E as liable for training and service, his claim for exemption as a minister having been rejected. Petitioner appealed from the action of his local board. The appeal board refused to classify petitioner as a duly ordained minister and on March 20, 1942, changed petitioner's classification to 1–A. On or about March 25, 1942, petitioner requested the State Director and National Director of Selective Service to appeal on his behalf to the President of the United States. Petitioner alleges that the said Directors denied his request and that he continued to be classified in 1–A. Petitioner was ordered to report for induction on June 1, 1942. Upon failure to report for induction his local board reported him as delinquent and he

was arrested. An indictment was returned against petitioner in the District of New Jersey to which a plea of Not Guilty was entered. Petitioner was called for trial on February 8, 1943.

At the trial petitioner sought to offer evidence showing that he was a duly ordained minister and that proof thereof had been presented to his local board, but such evidence was ruled out and not considered. Petitioner alleges that the trial judge specifically denied the jury the right to consider whether he was in fact exempt from training and service because he was a duly ordained minister and told the jury that whether petitioner was a minister of religion was a matter for the sole determination of his draft board. Petitioner further alleges that the trial judge informed the jury that the only question to be determined was whether petitioner was ordered to report for induction and whether he knowingly refused to report. The jury returned a verdict of guilty and petitioner is now serving the sentence imposed by the trial judge.

It is the contention of petitioner that the judgment and commitment are void and his imprisonment and restraint are illegal because the local board did not have jurisdiction to order petitioner to report for induction as he was known to be a duly ordained minister of religion and as such exempt from training and service; that the indictment and all subsequent proceedings were void because the trial court did not have jurisdiction since the "Notice of Delinquency" was void and the action of the local board constituted a violation of due process of law; finally, that the judgment and commitment are void because upon trial petitioner was denied the right to introduce evidence to prove that he was a duly ordained minister and that the Selective Service Boards acted arbitrarily and capriciously in refusing to so classify him.

The contention of petitioner cannot be sustained. There is no right to a judicial review of the action of the Selective Service Boards and the trial court was correct in confining the evidence to the question of an order to report for induction and a wilful disregard of that order. The Supreme Court of the United States in considering the questions raised here said: "In this process (of selection) the local board is charged in the first instance with the duty to make the classification of registrants which Congress in its discretion saw fit to authorize. Even if there were, as the peti-

88

tioner argues, a constitutional requirement that judicial review must be available to test the validity of the decision of the local board, it is certain that Congress was not required to provide for judicial intervention before final acceptance of an individual for national service. The narrow question therefore presented by this case is whether Congress has authorized judicial review of the propriety of a board's classification in a criminal prosecution for wilful violation of an order directing a registrant to report for the last step in the selective process. We think it has not." Falbo v. United States of America, 320 U.S. 549, 64 S.Ct. 346.

It is the first duty of the Court to make a preliminary examination to determine whether a petition for a writ of habeas corpus discloses upon its face sufficient basis for issuance of the writ, and to dismiss the petition if it does not. Ellerbrake v. King, 8 Cir., 116 F.2d 168; Estabrook v. King, 8 Cir., 119 F.2d 607; Meeks v. Kaiser, 8 Cir., 125 F.2d 826.

It is the opinion of this Court that the petition under consideration does not disclose a sufficient basis for issuing a writ.

The petition is dismissed and a writ denied.