STATE of Missouri, Respondent,

v.

Robert L. BYWATERS, Appellant.

No. 56568.

Supreme Court of Missouri,
Division No. 1.

Feb. 22, 1972.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

John C. Campbell, Farley, appellant.

JACK P. PRITCHARD, Special Judge.

Appellant was charged and convicted in a trial to the court of tendering a "no ac-count" check ($20.00) "willfully, unlawfully and feloniously with intent to cheat and defraud E. H. Young, d/b/a Riverside Red X, a felony." § 561.450, RSMo 1969, V. A.M.S. The court sentenced appellant to a term of two years' imprisonment.

■ It is claimed by appellant that the court erred in overruling his motion for judgment of acquittal because the state failed to prove that E. H. Young, d/b/a Riverside Red X, was the actual party defrauded, as alleged in the information. He says that E. H. Young did not testify at the trial, nor was there any testimony that Young owned Riverside Red X, and that since he was charged with a specific intent crime (to defraud Young) he was in fact convicted of a general intent crime, which amounted to a denial of due process.

■ The principal case cited by appellant is State v. Samuels, 144 Mo. 68, 45 S.W. 1088, which held that in a prosecution for uttering a forged check, where the indictment alleged the name of the particular person defrauded, the proof must conform to the allegation. The court in State v. Chissell, 245 Mo. 549, 150 S.W. 1066, remarked that the Samuels case was substantially overruled by State v. Sakowski, 191 Mo. 635, 90 S.W. 435, 4 Ann.Cas. 751. There can be no doubt, under very similar facts, that the Chissell case has specifically overruled the Samuels case. There, the information alleged that the check was passed with the intent to defraud George Hoffberger, but the proof showed that money paid for the check was the property of Fiorita. It was held that it was not an element of the crime denounced by the statute (now § 561.450) that the instrument should have been uttered with intent to defraud some particular person. "All that is required as to the intent in charging an offense thereunder is that the act was done 'with intent to defraud.'" The court further quoted from what is now § 545.170,

RSMo 1969, V.A.M.S., "'* * * [I]t shall not be necessary to prove an intent on the part of the defendant to injure, cheat or defraud any particular person, but it shall be sufficient to prove that the defendant did the act charged with an intent to injure, cheat or defraud.'" The court said, "Under the facts of this case, there can be no doubt that the defendant in uttering the forged check intended to cheat and defraud, and more than that the state was not required to prove." (150 S.W. loc. cit. 1068.) The Chissell case has been followed in State v. Stegner, 276 Mo. 427, 207 S.W. 826, 829, and State v. Price, 361 Mo. 1034, 238 S.W.2d 397, 400 [7]. The proof was that appellant was the man who cashed the check on March 9, 1970, a photograph having been taken of him at the time. Appellant never had a checking account in the bank of Edgerton upon which the check was drawn. The check was returned "no account." Louise Fackler worked for Young at Riverside Red X, and testified the check was cashed there and that Riverside Red X lost $20.00 on the check since no money had ever been received on it. There was thus sufficient evidence to show appellant's intent to defraud as to his giving of this $20.00 check, and it is not destructive of the inference the court could draw upon the foregoing facts that he did make restitution upon a later $65.00 "no account" check on March 16, 1970. In view of the Chissell case and § 545.170, appellant's contentions are overruled.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by JACK P. PRITCHARD, Special Judge, is adopted as the opinion of the Court.

HOLMAN, P. J., and SEILER, J., concur; BARDGETT, J., not sitting.