[No. 18845.  Department Two.  January 3, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v.
JOHN KULURIS, *Appellant*.[1]

FORGERY (4)—INDICTMENT AND INFORMATION (60)—SUFFICIENCY—
LANGUAGE OF STATUTE. An information is not sufficient to charge second degree forgery by the making of a false certificate, as part of a railroad's private record, that a laborer was entitled to a certain sum for labor, although substantially in the language of the statute, Rem. Comp. Stat., § 2585, covering the making "any false entry in any public or private record or account" with intent to defraud, where there was no allegation that the accused had any authority to make a certificate having efficacy.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered February 19, 1924, upon a trial and conviction of forgery. Reversed.

*Henry Arnold Peterson,* for appellant.

*J. W. Selden, T. F. Ray,* and *J. A. Sorley,* for respondent.

MACKINTOSH, J.—An information was filed against appellant charging him with the crime of forgery in the second degree, and he has appealed from conviction thereunder.

The information charges that the defendant, with intent to defraud the Northern Pacific Railway Company, made a false entry in a private record or account of such company, in this manner; by certifying to the railroad company (which certificate became a part of its private record) that one John Palos had been in the employ of the railroad company and was entitled to the sum of $63.30 for his labor, and that, pursuant to such certificate, the railroad company issued time checks, payable to the order of John Palos, and that in truth and in fact John Palos had not been

[1]Reported in 231 Pac. 782.

in the employ of the railroad company and was not entitled to any compensation. The case comes here without a statement of facts, but upon a stipulation that the information as filed was not amended in any manner during the trial, and that its sufficiency is to be determined from its contents at the time of its filing, unaffected by anything occurring at the trial, and the attack is made upon this information that it is not sufficient to charge a crime.

Section 2585, Rem. Comp. Stat. [P. C. § 8861], defining forgery in the second degree, provides, so far as material to the case at hand, that "every person who, with intent to injure or defraud, shall    .    . .    make any false entry in any public or private record or account    .    .    .    shall be guilty of forgery in the second degree." The defendant bases his attack on the information on the reason that it does not show that the instrument which the defendant is charged with having forged was one which could have any legal efficacy; that there is nothing contained in the information which shows that the defendant had any authority to make the instrument complained of, or that he was in such a position as would justify anyone relying and acting upon the instrument made by him.

This contention seems to have merit and to be supported by much authority. But it is contended by the respondent that the information, being in the language of the statute, is sufficient. It has been held many times that an information substantially following the language of the statute is not subject to be set aside for insufficiency. *State v. Turner,* 10 Wash. 94, 38 Pac. 864; *State v. Knowlton,* 11 Wash. 512, 39 Pac. 966; *State v. Fetterly,* 33 Wash. 599, 74 Pac. 810. But this is nothing more than a general rule to which there are exceptions, which have been stated by this court in

several cases, among them *State v. Hall,* 54 Wash. 142, 102 Pac. 888, and *State v. Scollard,* 126 Wash. 335, 218 Pac. 224, in which latter case it was said:

"It is only where the statute itself sets out fully and with certainty the offense intended to be punished that it is sufficient to charge the offense in the language of the statute, or in language of equivalent meaning. In other words, it is necessary, where the words of the statute are general, that the pleader state not only the object of the conspiracy but the intended manner of its accomplishment."

It would seem that the information in this case is one to which the exceptions to the general rule should be applied, for there is nothing in the information which apprises that the person charged had any authority to issue, or was under any obligation to issue, the certificate, and of course it follows from that that it does not appear that the railroad company had any reason to rely upon such a certificate. Of course, it is immaterial, if the person making the certificate had authority to make it and the railroad was warranted in relying upon it, that the railroad company was not in fact defrauded; but the information must contain a statement of fact which shows that the instrument was something more than a mere request, made without right, which might or might not be complied with at the option of the person to whom it was given. Extensive notes citing many cases sustaining this rule may be found in *People v. Munroe,* 100 Cal. 664, 35 Pac. 326, 24 L. R. A. 33, and in *People v. Abeel,* 182 N. Y. 415, 3 A. & E. Annot. Cas. 293. These cases but re-state the rule which is found in 12 R. C. L., page 148, to this effect:

"In order to constitute a forgery, a writing or instrument must be such that if genuine it would have some efficacy as affecting some legal right."

And in 26 C. J., page 943:

"It is indispensable that the efficacy of the instrument to defraud shall appear either on the face of it as set out in the indictment or information or by the allegation of extrinsic facts, unless, as is sometimes the case, it is otherwise provided by statute. Cases not infrequently arise where the fraudulent character of the alleged forged writing can be made to appear only by innuendoes, introducing extraneous facts and circumstances which show that the writing possessed a fraudulent character not discernible, except when read in the light of such facts and circumstances. Where the instrument is of this character, it is essential not only to set out the instrument itself but also to allege extrinsic facts to show its capacity to defraud and a failure to allege such facts renders the indictment fatally defective."

Without multiplying the authorities, it can be said that there are a great number of them which hold that an indictment such as the one here is insufficient. The judgment is therefore reversed and remanded for further proceedings.

MAIN, C. J., FULLERTON, HOLCOMB, and BRIDGES, JJ., concur.