[No. 27892. Department One. August 5, 1940.]

THE STATE OF WASHINGTON, *Appellant*, v. ARTHUR TAES et al., *Respondents*.[1]

[1] Reported in 104 P. (2d) 751.

*Ralph E. Foley* and *C. C. Quackenbush,* for appellant.

*O. C. Marler* and *Frank C. Trunk,* for respondent Taes.

MAIN, J.—Arthur Taes and James Parrack were charged by information with the crime of forgery in the first degree, to which information a demurrer was interposed and overruled. After pleas of not guilty were entered, in due time the cause came on for trial. During the trial and before the state had completed its case in chief, the court entertained what is called an "oral demurrer" to the information. An order was entered sustaining the demurrer, dismissing the action, and discharging the defendants, from which the state appeals.

The controlling question is whether the information charges a crime.

The instrument which was the basis of the charge, as set out in the information, is as follows:

"Comes now the Prosecuting Attorney in and for Spokane County, Washington, and charges the defendants, Arthur Taes and James Parrack, with the crime of First Degree Forgery, committed as follows:

"That the said defendant, Arthur Taes, in the County of Spokane, State of Washington, on or about the 8th day of November, 1939, then and there being, did then and there willfully, unlawfully and feloniously, with intent to defraud, make and forge an instrument in writing in words and figures as follows:

Spokane, Washington Nov. 8, 1939 No.......................

Name and Address of Bank

Pay to the order of City Ramp Garage, Inc., $21.22

James Parrack          Dollars

This check is issued by the undersigned with the information that there is sufficient funds to his credit in the above named bank to pay the amount entered hereon.

White Sheep Co.

...........  .......................................................

Signature

Box 4, Nespelem, Wn

Per J. J. White"

██ This court is committed to the doctrine that, in order to constitute a forgery, a writing or instrument must be such that, if genuine, it would have some efficacy as affecting some legal right. *State v. Kuluris*, 132 Wash. 149, 231 Pac. 782. It will be observed that the instrument here involved purports to be a bank check, but does not contain the name of any bank. It is, in effect, an order to pay money without stating what bank or person is to pay it. As we view it, this instrument, if genuine, would not have any efficacy as affecting a legal right. This being true, it would not furnish the basis for the charge.

██ Our attention is called to Rem. Rev. Stat., § 3405 [P. C. § 4085], which provides that, where an instrument is wanting in any material particular, the person in possession thereof has *prima facie* authority to complete it by filling up the blanks therein. This statute can have no application here. No extrinsic facts are stated in the information which indicate what bank, if any, was intended. And further than this, assuming, without deciding, that the statute would be applicable where an instrument which purports to be a bank check, but does not contain the name of any bank, would apply, it would not apply here, because

the blank in the instrument was not filled up. So far as we are informed, there are no authorities holding that an instrument like the one in question, which calls for the payment of money, would have any efficacy in affecting a legal right.

The state also complains of the ruling of the trial court in entertaining the demurrer during the trial. But there was no error in this regard, because an objection to the sufficiency of the information, in that it does not charge a crime, may be made at any time before final judgment. *Seattle v. Jordan,* 134 Wash. 30, 235 Pac. 6.

The order appealed from will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.

