[No. 31624. Department Two. July 19, 1951.]

THE STATE OF WASHINGTON, *Respondent*, v. MARVIN B. MORSE, *Appellant*.[1]

[1] Reported in 234 P. (2d) 478.

*Harold M. Gleeson,* for appellant.

*Hugh H. Evans* and *Clarence P. Smith,* for respondent.

HAMLEY, J.—Marvin B. Morse was charged, tried, and convicted of the crime of forgery in the first degree. He has appealed and first assigns error upon the failure of the trial court to rule in his favor on demurrers, motions, and objections to the admission of evidence, all challenging the sufficiency of the information. It is appellant's position that the information is insufficient to charge the crime of forgery because the bank check there set out lacks the personal signature of any drawer.

The manner of committing the crime, as alleged in the information, was that appellant did

". . . willfully, unlawfully, and feloniously, with intent to defraud, make, forge, and utter an instrument in writing, to-wit: a bank check in words and figures as follows:

'SPOKANE, WASHINGTON 3/20 1950 No. ........................
MAIN OFFICE
THE OLD NATIONAL BANK
of Spokane
Pay to the order of Marvin Morse      $85.00
Eighty-five no/100      Dollars
Hillyard Motors
For 1937 Packard'
said check then and there being a written request for the payment of money."

The crime of first degree forgery may be committed in a number of ways. Among these are the false making, with intent to defraud, of any writing or instrument by which any obligation may be evidenced, created or transferred (Rem. Rev. Stat., §§ 2583, 2590 [P.P.C. §§ 115-129, -143]); or the uttering of such a writing with knowledge that it is a forgery and with intent to defraud (Rem. Rev. Stat., § 2587 [P.P.C. § 115-137]). By definition, the terms "written instrument" and "writing" include:

". . . An instrument partly written and partly printed or wholly printed with a written signature thereto, or any signature or writing purporting to be a signature of *or intended to bind an individual, partnership,* corporation or association or an officer thereof." Rem. Rev. Stat., § 2590. (Italics ours.)

It will be observed that, under this definition, it is not necessary that there be a signature attached to the writing if the instrument is, without such signature, intended to bind an individual, partnership, corporation or association or an officer thereof.

Appellant contends, however, that a check requires the signature of a personal drawer in order to be binding upon anyone. It is argued from this that, since the check in question has no such signature, the check has no legal efficacy and is therefore not a "written instrument" or "writing" within the meaning of the forgery statute.

The recognized rule is that, in order to constitute a forgery, a writing or instrument must be such that if genuine it would have efficacy as affecting some legal right. *State v. Kuluris,* 132 Wash. 149, 231 Pac. 782; *State v. Taes,* 5 Wn. (2d) 51, 104 P. (2d) 751. In the latter case, it was held that an instrument purporting to be a bank check but not containing the name of any bank would not, if genuine, have such efficacy as to furnish the basis for a charge of forgery.

Whether a check signed only "Hillyard Motors" would, if genuine, have some legal efficacy, depends upon the provisions of the negotiable instruments act relating to the kind of signature necessary to create liability. Rem. Rev. Stat.,

§ 3409 [P.P.C. § 757-35] (§ 18 of the uniform negotiable instruments act), provides that:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. But one who signs in a trade or assumed name will be liable to the same extent as if he had signed his own name."

■ The name "Hillyard Motors" signed to this check, as drawer, is a trade name or assumed name. Had such name been signed by, or upon authority of, the person or persons doing business under this trade name or assumed name, then, under the above-quoted statute, such person or persons would have been liable thereon. The check in question has legal efficacy within the meaning of the rule stated above, and is a "written instrument" or "writing" within the meaning of the forgery statute. The trial court did not err in upholding the sufficiency of the information in this respect.

Appellant's remaining assignments of error challenge the sufficiency of the evidence to sustain the verdict of guilty. Specifically, it is contended that the evidence does not establish that the signature "Hillyard Motors" was an actual forgery.

■ There was testimony on the basis of which the jury could have found that Hillyard Motors: was a partnership engaged in the automotive business in Spokane; maintained no bank account in Old National Bank of Spokane; issued all of its checks on printed forms differing from the check in question; had all of its checks signed by one of the partners of that business; did not buy a 1937 Packard from Morse; and did not issue the check to Morse or anyone else. This sufficiently establishes that the instrument was an actual forgery.

■ There is some question whether it was proved that Morse personally made the check. However, the information charged not only that Morse made the instrument, but also that he uttered it. This is not objectionable, since it is not the charging of two crimes, but merely the charging of the

commission of two acts, either one of which constitutes the single crime of forgery. Rem. Rev. Stat., §§ 2583, 2587; *State v. Newton,* 29 Wash. 373, 70 Pac. 31; *State v. McBride,* 72 Wash. 390, 130 Pac. 486; *State v. Kennedy,* 19 Wn. (2d) 152, 142 P. (2d) 247.

When the information charges two or more ways in which a single crime was committed, proof of it in any one of the ways will sustain the allegation. *State v. Klein,* 94 Wash. 212, 162 Pac. 52; *State v. Spiller,* 146 Wash. 180, 262 Pac. 128; *State v. Powers,* 152 Wash. 155, 277 Pac. 377. It accordingly follows that, if there is sufficient evidence to prove that appellant uttered the check, the conviction must stand, even if it be said that the state failed to prove that appellant himself made the check.

The statute relative to uttering forged instruments reads as follows:

"Every person who, knowing the same to be forged or altered, and with intent to defraud, shall utter, offer, dispose of or put off as true, or have in his possession with intent so to utter, offer, dispose of or put off any forged writing, instrument or other thing, the false making, forging or altering of which is punishable as forgery, shall be guilty of forgery in the same degree as if he had forged the same." Rem. Rev. Stat., § 2587.

There was evidence from which the jury could have found that appellant went to the G. A. Y. tavern in Spokane and cashed this check, receiving eighty-five dollars in return; that he there represented that Hillyard Motors had given him the check in payment for his 1937 Packard; and that he thereafter admitted to police officers that he did not sell his automobile to Hillyard Motors and did not receive the check from that firm, but declined to say where he had obtained it. It is also to be noted that the check named appellant as payee and contained the notation "For 1937 Packard."

In our opinion, this evidence establishes, directly or by reasonable inference, that appellant disposed of the check with intent to defraud, knowing it to be forged. All of the

elements of the crime of forgery by uttering, as set out in Rem. Rev. Stat., § 2587, were therefore sufficiently proved.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, GRADY, and WEAVER, JJ., concur.

[1] Reported in 234 P. (2d) 495.