[No. 14249-0-II. Division Two. December 27, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. ALISA L. SMITH, *Appellant.*

238

*Thomas E. Doyle* and *Robert M. Quillian,* for appellant (appointed counsel for appeal).

*Gary P. Burleson, Prosecuting Attorney,* and *Amber Finlay, Deputy,* for respondent.

MORGAN, J. — Alisa L. Smith was convicted of four counts of forgery. Only count 1 is in issue on this appeal.

Smith obtained a blank check belonging to her grandmother. Without her grandmother's authority, she filled in an amount, $225, in both numbers and letters. She also filled in her own name as payee. She endorsed the back of the check by signing her own name, Alisa Smith.

On the face of the check, in the lower right-hand corner, there was a line for the signature of the drawer. Smith left that line blank.

Smith cashed the unsigned check at a delicatessen. When the bank refused to honor it, the delicatessen's owner contacted Smith's grandmother. The grandmother identified the check as one of hers, but said she had not authorized anyone to write it. The police then interviewed Smith, who confessed to stealing her grandmother's checkbook and writing

the check to obtain money for cocaine. Smith was charged with forgery, and a jury convicted her of that crime. Smith now appeals, alleging that the evidence is insufficient to support a conviction for forgery.

■ Preliminarily, Smith did not commit forgery by signing her own name on the back of the check. "[A]s a general rule, forgery cannot be charged if the accused signs or uses his own true or actual name." *State v. Lutes*, 38 Wn.2d 475, 480, 230 P.2d 786 (1951). Thus, the issue is whether Smith committed forgery[1] by filling in the face of the check in the way that she did.

At common law, forgery was the act of falsely making or materially altering, with intent to defraud, a writing "which, if genuine, might apparently be of efficacy or the foundation of legal liability." 4 W. Blackstone, *Commentaries* 247 (1765); 4 C. Torcia, *Wharton on Criminal Law* 114-15 (14th ed. 1981); R. Perkins, *Criminal Law* 340-41 (2d ed. 1969); *Dexter Horton Nat'l Bank v. United States Fid. & Guar. Co.*, 149 Wash. 343, 346, 270 P. 799 (1928) (quoting *New Standard Dictionary* (1920)); *see also* 4 C. Torcia, at 146-47. Thus, forgery required a "writing which, if genuine, might apparently be of legal efficacy or the foundation of legal liability." 4 W. Blackstone, *Commentaries* 247 (1765); 4 C. Torcia, *Wharton on Criminal Law* 114-15 (14th ed. 1981); R. Perkins, at 340-41; *Dexter Horton Nat'l Bank v. United States Fid. & Guar. Co.*, 149 Wash. 343, 346, 270 P. 799 (1928) (quoting *New Standard Dictionary* (1920)). Hereafter, we refer to this proposition as the rule of legal efficacy.

Under former RCW 9.44, in effect from 1909 until 1975, the rule of legal efficacy was part of Washington law. *State v. Haislip*, 77 Wn.2d 838, 842, 467 P.2d 284 (1970); *State v. Morse*, 38 Wn.2d 927, 929, 234 P.2d 478 (1951); *State v. Lutes*, 38 Wn.2d 475, 479-81, 230 P.2d 786 (1951); *State v. Taes*, 5 Wn.2d 51, 53, 104 P.2d 751 (1940); *State v. Kuluris*,

---

[1]We do not consider whether Smith is guilty of a crime other than forgery. We assume, and she acknowledges, that that may be the case. See Brief of Appellant, at 10.

132 Wash. 149, 151-52, 231 P. 782 (1925); *State v. LaRue*, 5 Wn. App. 299, 301-02, 487 P.2d 255, 65 A.L.R.3d 1299 (1971) (quoting 36 Am. Jur. 2d *Forgery* § 1 (1968)). Thus, in *Taes*, the Supreme Court considered whether a check that lacked the name of a drawee could support a charge of forgery. The court stated:

> It will be observed that the instrument here involved purports to be a bank check, but does not contain the name of any bank. It is, in effect, an order to pay money without stating what bank or person is to pay it. As we view it, this instrument, if genuine, would not have any efficacy as affecting a legal right. This being true, it would not furnish the basis for the charge.

*Taes*, 5 Wn.2d at 53; *see also State v. Morse*, 38 Wn.2d 927, 929-30, 234 P.2d 478 (1951) (check signed with the name of a business had apparent legal efficacy, despite not being signed by an individual as agent for the business).

In 1975, the Washington Legislature adopted the present forgery statutes as part of a new criminal code. RCW 9A.60-.020 states that a person is guilty of forgery if, with intent to injure or defraud, he or she falsely makes, completes or alters a written instrument. Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.60.020, p. 847. RCW 9A.60.010(1) defines "written instrument" as "[a]ny paper, document, or other instrument containing written or printed matter or its equivalent . . .." Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.60.010(1), p. 846. RCW 9A.60.010(4)-(6) states that to "falsely make" a written instrument is "to make or draw a complete or incomplete written instrument which purports to be authentic, but which is not authentic either because the ostensible maker is fictitious or because, if real, he did not authorize the making or drawing thereof"; that to "falsely complete" a written instrument is "to transform an incomplete written instrument into a complete one by adding or inserting matter, without the authority of anyone entitled to grant it"; and that to "falsely alter" a written instrument is "to change, without authorization by anyone entitled to grant it, a written instrument, whether complete or incomplete, by means of erasure, obliteration, deletion, insertion of new matter,

transposition of matter, or in any other manner". Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.60.010(4)-(6), p. 846.

These statutes expressly provide that a written instrument need not be complete in order to support a charge of forgery. *E.g.*, RCW 9A.60.010(4), (6). However, they do not state whether a written instrument can be so incomplete that it would be legally ineffective even if it were genuine. To answer that question, it is necessary to ascertain whether the 1975 Legislature intended to continue or abrogate the then-existing rule of legal efficacy.

RCW 9A.04.060 indicates that the Legislature intended to continue the then-existing rule. Since enactment of the 1975 criminal code, RCW 9A.04.060 has provided:

> The provisions of the common law relating to the commission of crime and the punishment thereof, insofar as not inconsistent with the Constitution and statutes of this state, shall supplement all penal statutes of this state . . ..

Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.04.060, p. 823. As already noted, the rule of legal efficacy was a common law rule. Also as already noted, that rule was consistent with the 1975 forgery statutes, for those statutes did not state how incomplete a written instrument could be and still support a charge of forgery. Thus, under RCW 9A.04.060 the rule of legal efficacy is a "provision of the common law" that "shall supplement all penal statutes of this state".

Similarly, the legislative history of the 1975 code indicates that the 1975 Legislature intended to continue the then-existing rule of legal efficacy. A precursor of the 1975 criminal code was a document colloquially known as "the Orange Code".[2] That document contained a comment stating that the new provisions on forgery "appear entirely consistent with present Washington law, both in RCW 9.44.010 [which contained the then-existing statutory definitions pertaining to forgery] and

---

[2]The Orange Code was officially known as the proposed Revised Washington Criminal Code (1970). *See State v. Thompson*, 88 Wn.2d 13, 25 n.5, 558 P.2d 202 (1977) (Utter, J., dissenting); *State v. Simmons*, 30 Wn. App. 432, 436 n.3, 635 P.2d 745, *review denied*, 97 Wn.2d 1007 (1981).

elsewhere in the forgery chapter." Orange Code comment 2, at 266. Another precursor of the 1975 code was Senate Bill 2230. A staff analysis of that bill stated: "The bill is basically a restatement of existing law, an amended 1909 statute." Senate Judiciary Comm., Bill Analysis Form, SB 2230, 44th Legislature (1975), at 1. The same staff analysis also made two comparisons pertinent here. Comparing the definitions in proposed RCW 9A.60.010 with the definitions in then-existing RCW 9.44.010, it concluded, "No significant change where previously defined." Bill Analysis Form, at 4. Comparing the elements of forgery in proposed RCW 9A.60.020 with the elements of forgery in then-existing RCW 9.44.020 and RCW 9.44.040.080, it concluded, "Shortens existing provisions without significantly changing coverage." Bill Analysis Form, at 4. Overall, this history indicates that the 1975 Legislature intended to continue the rule of legal efficacy that had been part of Washington law up to that time.

Finally, the recent case of *State v. Scoby*, 117 Wn.2d 55, 810 P.2d 1358, 815 P.2d 1362 (1991) indicates that the rule of legal efficacy survived enactment of the 1975 criminal code. In *Scoby*, the defendant pasted the corners of a $20 bill over the corners of a $1 bill, then passed it at a gas station. After quoting the 1975 definition of forgery and the 1975 definition of "written instrument", the Supreme Court stated:

> [F]orgery requires the falsification of a paper, document or *other instrument*. The statute does not define the term "instrument", however. RCW 9A.04.060 states that the common law governing the commission of crimes supplements Washington penal statutes. Therefore, we look to the common law definition of the term "instrument" for guidance as to whether a $1 bill qualifies as an instrument for purposes of the statute.
>
> As the Court of Appeals explained, under the common law "an instrument is something which, if genuine, may have legal effect or be the foundation of legal liability." *Scoby*, 57 Wn. App. at 811 (citing *State v. LaRue*, 5 Wn. App. 299, 302, 487 P.2d 255, 65 A.L.R.3d 1299 (1971)); *accord, State v. Haislip*, 77 Wn.2d 838, 842, 467 P.2d 284 (1970).

*Scoby*, 117 Wn.2d at 57-58. The court went on to conclude that the bill in question was a "written instrument" for purposes of forgery.

*Scoby* does not directly control this case. It held that an instrument having apparent legal efficacy is within the current statutory definition of "written instrument", but it did not hold that an instrument not having apparent legal efficacy is not within that definition.[3] Nevertheless, it read current RCW 9A.60.010(1) as including the rule of legal efficacy, and it necessarily indicates that that rule was not abrogated in 1975.

■ ■ For the foregoing reasons, we hold that a written instrument can support a charge of forgery when it is incomplete, but not when it is so incomplete that it would lack legal efficacy even if genuine. To borrow words from *Scoby,* the instrument must be "something which, if genuine, may have legal effect or be the foundation of legal liability." *Scoby,* 117 Wn.2d at 57-58. A check that lacks the signature of any drawer fails this test, for "[n]o person is liable on an instrument unless his signature appears thereon." RCW 62A.3-401(1); *see also* RCW 62A.3-104(1); Commercial Code § 3-510 Official Comment. Accordingly, the check in issue here was insufficient to support a conviction for forgery.

Count 1 is reversed, but the other three counts are affirmed.

SEINFELD, A.C.J., and PETRICH, J. Pro Tem., concur.

---

[3]Also, *Scoby* held that the words "other instrument" have their common law meaning, but it did not specifically address the words "paper" or "document" as used in RCW 9A.60.010(1).