# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73358-3-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| SAMUEL NEGUSE REZENE, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 3, 2017 |

2017 APR -3 AM 8: 37

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

TRICKEY, A.C.J. — Samuel Rezene appeals his conviction of attempting to elude a pursuing police vehicle. Rezene argues that his charging information omitted an essential element of the crime and thereby violated his right to due process. Because the information was sufficient to infer the method officers used to signal Rezene, the alleged missing element, we affirm.

## FACTS

On April 22, 2014, at approximately 1:00 a.m., Rezene saw several Seattle Police Department officers in marked police vehicles while he was standing by his vehicle. Upon seeing the police officers, Rezene entered his vehicle and began to drive away. The police followed Rezene. Rezene increased his speed, and Detective Robert Thomas employed his police vehicle's lights and sirens. Officers observed Rezene's car running through at least one red traffic light and traveling at speeds between 70 and 100 m.p.h. in speed zones of 30 to 35 m.p.h.

The State charged Rezene with attempting to elude a pursuing police vehicle. Rezene waived his right to a jury trial. Following a bench trial, the trial court concluded that the State had proved each essential element of attempting to elude a pursuing police vehicle and found Rezene guilty.

Rezene appeals.

## ANALYSIS

### Charging Information Sufficiency

Rezene argues for the first time on appeal that his charging information omitted an essential element of the crime of attempting to elude a police vehicle. Specifically, Rezene argues that the information failed to notify him that the offense requires that the police signal to stop be made by "'hand, voice, emergency light, or siren.'"[1] Rezene's charging information contained sufficient facts to infer the method officers used to signal Rezene. Accordingly, it was not deficient.

A charging document must include all essential elements of a crime to adequately notify a defendant of the alleged charges. State v. Zillyette, 178 Wn.2d 153, 158, 307 P.3d 712 (2013); U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. Citation to the correct statute in the information, even if the statute contains each essential element, is insufficient. State v. Naillieux, 158 Wn. App. 630, 645, 241 P.3d 1280 (2010).

"Essential elements" include only those facts that establish the illegality of the behavior charged and must be proved beyond a reasonable doubt to convict a defendant of the charged crime. State v. Ring, 191 Wn. App. 787, 790, 364 P.3d 853 (2015).

Where the adequacy of a charging information is challenged for the first time on appeal, the reviewing court asks: "(1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if

---

[1] Br. of Appellant at 2-4 (quoting RCW 46.61.024(1)).

so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?" State v. Kjorsvik, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991).

If the essential elements can neither be found nor fairly implied in the charging document, this court presumes prejudice and reverses without further inquiry. Naillieux, 158 Wn. App. at 643. When the charging information implies the essential elements and the defendant does not argue he was actually prejudiced by the charging information's language, the information is deemed constitutionally sufficient. State v. Nonog, 169 Wn.2d 220, 231, 237 P.3d 250 (2010).

An appellate court reviews the sufficiency of a charging document de novo. State v. Williams, 133 Wn. App. 714, 717, 136 P.3d 792 (2006).

Attempting to elude a police vehicle occurs when

> [a]ny driver of a motor vehicle who willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and the vehicle shall be equipped with lights and sirens.

RCW 46.61.024(1).

In State v. Pittman, a case decided by Division Two of the Court of Appeals, the court held that the method by which police officers signal to stop is not an essential element of the crime of attempting to elude a police vehicle. 185 Wn. App. 614, 618, 341 P.3d 1024, review denied, 184 Wn.2d 1021, 361 P.3d 746 (2015). Rezene requests that we decline to follow Division Two's reasoning in

3

Pittman. 185 Wn. App. at 618. The State urges us to adopt Pittman. We do not need to decide whether Pittman was correctly decided to resolve the present case. Even assuming that the manner of signaling used by officers is an essential element of the offense, Rezene's charging information was constitutionally sufficient.

Rezene was charged by information reading:

> That [Rezene,] . . . while driving a motor vehicle and having been given a visual and audible signal by a uniformed police officer to bring the vehicle to a stop, willfully failed and refused to immediately stop and drove the vehicle in a reckless manner while attempting to elude a pursuing police vehicle that was equipped with lights and sirens;
>
> Contrary to RCW 46.61.024.[2]

Rezene challenges the sufficiency of his charging information for the first time on appeal. Therefore, the charging information is not deficient if it fairly implies a missing element. Here, the charging information contained sufficient facts to fairly imply the method the officers used to signal Rezene to bring his vehicle to a stop.

The statute states that two methods an officer may use to signal are by emergency light or siren. RCW 46.61.024(1). The information states that Rezene was given "a visual and audible signal" by a uniformed police officer. It then states that Rezene eluded a pursuing police vehicle that was equipped with lights and sirens. It is a reasonable inference from the charging information that the visual and audible signal was accomplished using the police vehicle's lights and sirens.

---

[2] Clerk's Papers at 1.

Rezene does not argue on appeal that he was actually prejudiced by the challenged language of the charging information. Accordingly, under <u>Kjorsvik</u> and <u>Nonog</u>, we conclude that Rezene's charging information was constitutionally sufficient.

### Appellate Costs

Rezene requests that no costs be awarded on appeal. Appellate costs are generally awarded to the substantially prevailing party on review. RAP 14.2. However, when a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." RAP 14.2.

Here, Rezene was allowed to proceed as an indigent party on appeal based on a finding of poverty. If the State has evidence indicating that Rezene's financial circumstances have significantly improved since the trial court's finding, it may file a motion for costs with the commissioner.

Affirmed.

Trickey, ACJ

WE CONCUR:

Mann, J.                                    Leach, J.

5