IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75853-5-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| STACY ANN BRADSHAW, | ) | PUBLISHED OPINION |
| Appellant. | ) ) | FILED: April 9, 2018 |

BECKER, J. — To support a charge under the current forgery statute, the State must prove that the allegedly altered written instrument had "legal efficacy." Here, an escrow agent was convicted of forgery for altering a certificate of insurance to make it appear she had enough liability insurance to cover a transaction she had been hired to handle. We affirm the conviction against a challenge to the sufficiency of the evidence. The certificate of insurance had legal efficacy both as a public record and as a foundation for legal liability.

## FACTS

In 2014, appellant Stacy Bradshaw was a licensed escrow agent and the owner of North Sound Escrow. By law, an escrow agent must maintain several types of liability insurance. Bradshaw had coverage for crime as well as for

errors and omissions through the insurance firm USI Kibble & Prentice. The limits were $1 million per claim.

In February 2014, Bradshaw was retained as the escrow agent for the sale of commercial property for the price of approximately $1.4 million. Umpqua Bank was the lender for one of the parties. Umpqua asked Bradshaw for a copy of her insurance information. Bradshaw obtained a "Certificate of Liability Insurance" from Kibble & Prentice showing her limits of $1 million. She gave Umpqua a copy of the certificate that was altered to represent that Bradshaw had coverage limits of $2 million. Umpqua noticed the alterations and contacted both Kibble & Prentice and the Department of Financial Institutions, the agency that regulates escrow agents. This led to the prosecution of Bradshaw on one count of forgery.

Bradshaw waived her right to a jury trial. The court convicted Bradshaw as charged and sentenced her to 40 hours of community service, $3,600 in financial restitution, and 6 months of community supervision. Bradshaw's appeal challenges the sufficiency of the evidence.

## ANALYSIS

Evidence is sufficient to support a conviction if, viewed in the light most favorable to the prosecution, it permits a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

"At common law, forgery was the act of falsely making or materially altering, with intent to defraud, a writing 'which, if genuine, might apparently be of

2

No. 75853-5-I/3

efficacy or the foundation of legal liability.'" State v. Smith, 72 Wn. App. 237, 239, 864 P.2d 406 (1993), quoting 4 CHARLES E. TORCIA, WHARTON'S CRIMINAL LAW § 493 n.1, at 114-15 (14th ed. 1981). The forgery statute in effect from 1909 to 1975, former RCW 9.44 (1909),[1] listed categories of documents that satisfied the legal efficacy requirement, such as money, public records, and court records. State v. Scoby, 117 Wn.2d 55, 59, 810 P.2d 1358, 815 P.2d 1362 (1991).

---

[1] First degree. Every person who, with intent to defraud, shall forge any writing or instrument by which any claim, privilege, right, obligation or authority, or any right or title to property, real or personal, is or purports to be, or upon the happening of some future event may be, evidenced, created, acknowledged, transferred, increased, diminished, encumbered, defeated, discharged or affected, or any request for the payment of money or delivery of property or any assurance of money or property, or any writing or instrument for the identification of any person, or any public record or paper on file in any public office, or any certified or authenticated copy of such record or paper, or any entry in any public or private record of account, or any judgment, decree, order, mandate, return, writ or process of any court, tribunal, judge, justice of the peace, commissioner or magistrate, or the official return or report of, or a license issued by, any public officer, or any pleading, demurrer, motion, affidavit, appearance, notice, cost bill, statement of facts, bill of exceptions or proposed statement of facts or bill of exceptions in any action or proceeding whether pending or not, or the draft of any bill or resolution that has been presented to either house of the legislature of this state, whether engrossed or not, or the great seal of this state, the seal of any public officer, court, notary public or corporation, or any public seal authorized or recognized by the laws of this or any other state or government, or any impression of any such seal; or shall forge or counterfeit any coin or money of any state or government, or any bank or treasury bill, any note or postage or revenue stamp; or who, without authority shall make or engrave any plate in the form or similitude of any writing, instrument, seal, coin, money, stamp or thing which may be the subject of forgery, shall be guilty of forgery in the first degree, and shall be punished by imprisonment in the state penitentiary for not more than twenty years.
Former RCW 9.44.020 (1909).

3

Legislation revising the forgery statute in 1975 removed the particularized list of categories of items susceptible to forgery. The current forgery statute simply prohibits the forgery of a "written instrument."

> A person is guilty of forgery if, with intent to injure or defraud:
> (a) He or she falsely makes, completes, or alters a written instrument.
> (b) He or she possesses, utters, offers, disposes of, or puts off as true a written instrument which he or she knows to be forged.

RCW 9A.60.020(1).

At Bradshaw's trial, the only issue was whether the certificate of insurance was a "written instrument." A written instrument is broadly defined in the current statute as

> (a) Any paper, document, or other instrument containing written or printed matter or its equivalent; or (b) any access device, token, stamp, seal, badge, trademark, or other evidence or symbol of value, right, privilege, or identification.

RCW 9A.60.010 (7). This definition was intended to continue the common law requirement that the instrument be something which, if genuine, may have legal effect. Smith, 72 Wn. App. at 241-43.

Bradshaw assigns error to the trial court's conclusion that the certificate of liability insurance satisfies the rule of legal efficacy.

Public Record

The certificate holder named on Bradshaw's certificate of liability insurance is the Washington State Department of Financial Institutions. The certificate was filed with the department as evidence that Bradshaw was in compliance with coverage requirements. The trial court determined that the certificate has legal efficacy as a public record.

The former statute explicitly recognized that any "paper on file in any public office" is a writing susceptible to forgery. Former RCW 9.44.020 (1909). Because the current version of the forgery statute was not intended to curtail the list of forgeable items, a public record is within the meaning of the term "written instrument." Scoby, 117 Wn.2d at 60. Bradshaw claims, however, that to meet the requirement of legal efficacy as a public record, the written instrument must be issued by a government agency. She argues that if the mere filing of a document with a government agency converts a document into a written instrument susceptible to forgery, the common law requirement for legal efficacy becomes meaningless.

It is true that in the cases cited by Bradshaw, the written instrument in question was issued by an agency rather than merely being filed with the agency. State v. Richards, 109 Wn. App. 648, 650, 36 P.3d 1119 (2001) (traffic citation issued by police officer); State v. Barkuloo, 18 Wash. 52, 52-53, 50 P. 577 (1897) (county auditor's warrant); State v. Esquivel, 71 Wn. App. 868, 869, 863 P.2d 113 (1993) (federal alien registration and social security cards); State v. Mark, 94 Wn.2d 520, 522, 618 P.2d 73 (1980) (prescription reimbursement forms provided by state agency). But nothing in those cases suggests that a document filed with a public office has legal efficacy only if the agency issues the document.

This court has held, citing a treatise, that a government or public record may be the subject of forgery if it is required by law to be filed or recorded or necessary or convenient to the discharge of a public official's duties. Richards, 109 Wn. App. at 654. This limitation ensures that a written document that

accidentally finds its way into a public agency's files, or is immaterial to the agency's duties, does not become the foundation of a forgery charge. It is not forgery to make an alteration "which is not material, i.e., the legal efficacy of the instrument is not affected." 4 CHARLES E. TORCIA, WHARTON'S CRIMINAL LAW § 486, at 84 (15th ed. 1996). "Forgery covers virtually every kind of instrument *which has an effect on private or public rights.*" 4 TORCIA § 489, at 88 (1996) (emphasis added).

The defendant in Richards was convicted of forgery for signing a traffic citation with a false name. Because attempting to obtain an arrestee's signature on a citation is necessary to the discharge of a state trooper's public duties, this court concluded that "a signed traffic citation is a written instrument with legal efficacy that may be susceptible to forgery." Richards, 109 Wn. App. at 655.

Like Richards, this is not a case where an altered document found its way into an agency file accidentally. The certificate had material significance to the department. As part of the licensing process, an escrow agent must submit proof of financial responsibility to the department, including a fidelity bond providing coverage in the aggregate amount of one million dollars. RCW 18.44.201(1). To demonstrate compliance with the requirement for a fidelity bond, the applicant is required by regulation to provide the department with a certificate of insurance that includes the aggregate amount of coverage. WAC 208-680-310 (6). Maintaining such insurance is "a condition precedent to the escrow agent's authority to transact escrow business in this state." RCW 18.44.201(4).

Bradshaw claims the evidence is insufficient to prove her certificate of insurance is a public record because the State did not establish that anyone in the department scrutinized it during the process of renewing her license. She appears to assume there is a strict requirement for proof that the agency relied on the document in question in carrying out its duties. Bradshaw cites no authority for this proposition, and we have found none. A certificate of insurance is necessary or convenient to the department's responsibility for licensing escrow agents. Whether the agency actually looked at Bradshaw's certificate when it decided to renew her license is immaterial.

In short, the record shows that Bradshaw's certificate of insurance was a type of document required by law to be filed and necessary or convenient to the discharge of the duties of the department. In view of the regulatory scheme, the trial court reasonably found that a certificate of insurance coverage for an escrow agent is a written instrument, the alteration of which supports a forgery charge because it is a public record with legal efficacy.

Foundation for Legal Liability

The trial court also found that a certificate of insurance has legal efficacy under another theory—because it provides a foundation for legal liability.

At common law, forgery required a "writing 'which, if genuine, might apparently be of legal efficacy or the foundation of legal liability.'" Smith, 72 Wn. App. at 239, quoting 4 TORCIA § 493 n.1, at 114-15 (1981).

Washington cases holding that a document provides a foundation for legal liability tend to have a fact pattern involving alteration of currency or a check. For

example, in Scoby, a dollar bill was altered by pasting onto it corners taken from a twenty-dollar bill. The dollar bill had legal efficacy because it was "an obligation of the United States that must be redeemed on demand." Scoby, 117 Wn.2d at 58. In contrast, the unsigned check in Smith did not have legal efficacy because no person is liable for an unsigned check. Smith, 72 Wn. App. at 243. Similarly, an instrument purporting to be a check but lacking the name of any bank does not have legal efficacy; an order to pay money without stating what bank or person is to pay it, even if genuine, does not affect a legal right. State v. Taes, 5 Wn.2d 51, 53, 104 P.2d 751 (1940). Bradshaw attempts to derive from these cases a rule that to serve as the foundation of legal liability, the written instrument must, on its face, confer a legal right—like a check or a contract. But nothing in these cases suggests they were intended to be read so narrowly.

Bradshaw's certificate of insurance, before alteration, was genuine. It was a representation of the limits of her coverage. The trial court correctly reasoned that if Umpqua had suffered damages as a result of the alteration and had sued Bradshaw for fraudulent misrepresentation, the original unaltered document would be a foundational piece of evidence of Bradshaw's liability. And this is true even though the certificate states on its face that it "is issued as a matter of information only and confers no rights upon the certificate holder." The court heard testimony that insurance certificates are typically used by insureds as evidence of their current policies and limits and that Bradshaw's certificate provided such evidence to the department.

Sufficient evidence supports the trial court's determination that Bradshaw's certificate of insurance had legal efficacy as a foundation for legal liability.

Rule of Lenity

Finally, Bradshaw invokes the rule of lenity to argue for reversal of her conviction. The rule of lenity operates to resolve statutory ambiguities in favor of a criminal defendant. In re Personal Restraint of Sietz, 124 Wn.2d 645, 652, 880 P.2d 34 (1994). It "ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered." United States v. Lanier, 520 U.S. 259, 266, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997).

The forgery statute provides a fair warning that it applies to Bradshaw's conduct. She falsely altered a written instrument with intent to injure or defraud. The requirement that the written instrument have legal efficacy is a limitation on the statutory definition of forgery, not an expansion of it. Because Bradshaw's conduct is clearly covered by the statute, the rule of lenity is not applicable.

Affirmed.

Becker, J.

WE CONCUR:

Leach, J.

Dwyer, J.

9