## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON , <br><br> Respondent, <br><br> v. <br><br> ANDREW JOSEPH KNOWLES, <br><br> Appellant. | DIVISION ONE <br><br> No. 78003-4-I <br><br> UNPUBLISHED OPINION <br><br> FILED: March 4, 2019 |

DWYER, J. — Following a jury trial, Andrew Knowles was convicted of possession of a stolen vehicle, a class B felony. On appeal, he avers that prosecutorial misconduct in the State's summation deprived him of a fair trial. As to the various comments he now challenges, Knowles either fails to establish their impropriety or fails to establish their prejudicial effect. Accordingly, we affirm.

I

Andrew Knowles and his girlfriend, Sara Moreland, were found occupying a moving truck parked on land owned by Marilyn and Harry Upton in Arlington. Neither Mr. nor Ms. Upton had given Knowles or Moreland permission to be on the property. When Ms. Upton first encountered Knowles and asked him what he was doing, Knowles stated that he was camping out. Upton informed him that he was not allowed to do so on the site and was required to leave.

When, after more than a half hour had passed, Ms. Upton returned to the property to find Knowles still present, she telephoned Mr. Upton, who instructed her to call the police. Ms. Upton did so. Before the police arrived, Mr. Upton himself came to the scene. Ms. Upton was not present at this time. Mr. Upton encountered Knowles and told him to move the truck. Mr. Upton and Knowles were both still present when the police arrived.

Arlington police arrived at the scene and communicated the truck's license plate number to dispatch. From dispatch, Sgt. Michael Gilbert learned that the truck had been reported stolen from a moving company's lot in Seattle. Sgt. Gilbert found Knowles seated in the driver's seat of the parked truck. When Knowles exited, Sgt. Gilbert drew his firearm and ordered Knowles to the ground. Knowles complied and was placed under arrest. Near where Knowles had last been standing, Sgt. Gilbert found a key that started the truck's engine.

After obtaining a search warrant, the police inspected the cargo area of the truck, where they found various personal belongings and a bed. They also found a five-gallon bucket containing a tar-like substance. The moving company's logo on the exterior of the truck had been covered by such a substance. Knowles, after being taken into custody, stated that he and Moreland had been picked up in Seattle by another man who was then driving the truck. Knowles also expressed concern about his ability to retrieve his and Moreland's possessions from the truck.

At trial, Knowles argued that, because there was no proof that he had ever driven the truck, he could not be said to have possessed it. Knowles's attorney's

statement—that "[s]imply being in a truck is not possessing a truck. You have to show that he was driving the truck"—drew an objection from the prosecutor as a misstatement of the law. This objection was sustained. Nevertheless, in Knowles's summation his counsel continued to make arguments to the effect that Knowles was only a passenger in the truck and that, because of this, he had not possessed it, in spite of evidence that Knowles and his girlfriend were "camping out" in the truck.

The prosecutor referred to Knowles as a "vagrant" in the State's closing argument, drawing no objection from defense counsel. In the State's rebuttal closing argument, the prosecutor took exception to Knowles's argument as to whether he truly possessed the truck, leading to the following exchange:

> [PROSECUTOR]: If you don't believe the defendant is possessing this truck simply by sleeping in the back while storing his girlfriend and his dog, go ahead and let the next stranger in your neighborhood into your house.

> [DEFENSE]: I'm going to object to that argument.

> COURT: Overruled.

> [PROSECUTOR]: Go ahead, let Mr. Knowles move into your house. Tell me he's not possessing your room. It's just his dog and his bed.

> [DEFENSE]: Again, I'm going to object. That is not possession. That is—being in the truck is not possessing the truck.

> COURT: This is argument. I'll overrule the objection.

> [PROSECUTOR]: Go ahead, give him the keys to your car, let him sit in the cab, let him ride it all the way from Seattle up to Arlington. You tell me he's not possessing the truck. Have him put up a basketball hoop in the back, make a king size bed out of moving mats, and tell me he's not possessing your truck. That's

not credible, it's not believable, and it's not realistic. And if it is, let Mr. Knowles move into your house.

[DEFENSE]: Your honor, I'm going to object to this line of argument. This is prejudicial. He's playing to the sympathy of the jurors.

COURT: The last statement I will sustain, the other is fair argument.

The jury found Knowles guilty of possession of a stolen vehicle; Knowles was subsequently sentenced to four months' confinement. He now appeals.

II

Knowles contends that the prosecutor's remarks in both closing and rebuttal arguments constituted misconduct that denied him a fair trial. He avers that the use of the word "vagrant" in the initial closing argument tainted the jury's perception of Knowles. He further argues that the prosecutor's repeated challenge to the jurors that they let Knowles into their homes or vehicles, advanced in rebuttal argument, was designed to cause the jurors to imagine themselves as Knowles's victims, thus encouraging the jury's passions and prejudices to affect the trial's outcome. Knowles's latter contention is not frivolous.

A

Prosecutorial misconduct arises when the State refers to evidence outside of the record or makes bald appeals to passion or prejudice. State v. Fisher, 165 Wn.2d 727, 747, 202 P.3d 937 (2009). However, in closing argument, the prosecutor has wide latitude to draw reasonable inferences from the evidence admitted and to express such inferences to the jury. State v. Hoffman, 116

Wn.2d 51, 94-95, 804 P.2d 577 (1991). We review allegedly improper comments in the context of the entire argument, the issues in the case, the evidence addressed in the argument, and the instructions given. State v. Russell, 125 Wn.2d 24, 85-86, 882 P.2d 747 (1994).

> "Where improper argument is charged, the defense bears the burden of establishing the impropriety of the prosecuting attorney's comments as well as their prejudicial effect. Reversal is not required if the error could have been obviated by a curative instruction which the defense did not request. The failure to object to a prosecuting attorney's improper remark constitutes a waiver of such error unless the remark is deemed to be so flagrant and ill intentioned that it evinces an enduring and resulting prejudice that could not have been neutralized by an admonition to the jury."

State v. Gentry, 125 Wn.2d 570, 640, 888 P.2d 1105 (1995) (quoting Hoffman, 116 Wn.2d at 93).

If an allegedly improper statement was objected to at trial, in order to obtain appellate relief the defendant must show that the statement resulted in prejudice that had a substantial likelihood of affecting the jury's verdict. State v. Emery, 174 Wn.2d 741, 760, 278 P.3d 653 (2012). The challenged comments are reviewed "'in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given to the jury.'" State v. McKenzie, 157 Wn.2d 44, 52, 134 P.3d 221 (2006) (quoting State v. Brown, 132 Wn.2d 529, 561, 940 P.2d 546 (1997)).

If an objection was sustained, however, and no further remedy was requested, any claim that the trial judge should have imposed a further remedy is forfeited. See State v. Giles, 196 Wn. App. 745, 769, 385 P.3d 204 (2016) (when

a party receives the remedies he requests, "[t]he law presumes that these remedies are effective").[1]

B

(i)

First, we address the prosecutor's remark, "[L]et Mr. Knowles move into your house." This remark that was objected to, the objection was sustained, and no further relief was requested. The law presumes this remedy to be effective. Giles, 196 Wn. App. at 769 (citing State v. Warren, 165 Wn.2d 17, 28, 195 P.3d 940 (2008); State v. Swan, 114 Wn.2d 613, 661-64, 790 P.2d 610 (1990)). Knowles cites to no authority requiring the trial judge to have declared a mistrial in the absence of a request therefor. The judge did not err by granting Knowles the relief he sought. See Giles, 196 Wn. App. at 765. There was no trial court error.

(ii)

Defense counsel did not interpose an objection to the prosecutor's use of the term "vagrant." This is likely because counsel did not perceive the reference as being improper. Indeed, there is no indication that the description was inaccurate. An oft-cited dictionary defines "vagrant" as "a person who has no established residence and wanders idly from place to place without lawful or visible means of support." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2528 (2002). Knowles and Moreland had been camping on private property in a

---

[1] "It is a principle of long standing that a trial attorney who does not request a remedy forfeits the claim that the trial judge should have imposed that remedy." Giles, 196 Wn. App. at 769-70.

- 6 -

stolen moving truck without the landowner's permission. They had arrived there after leaving Seattle. It is a fair inference from this evidence that Knowles and Moreland were without a permanent residence or employment, had been traveling about in a happenstance manner, and intended to stay in Arlington temporarily. They were found in a temporary shelter that was not designed for use as a living space. The prosecutor thus expressed a reasonable inference from the evidence that Knowles was a vagrant. No entitlement to appellate relief is warranted on this claim.

## C

Knowles next challenges certain statements made during the State's rebuttal argument to which his attorney's objections were overruled.

The language of the challenged statements, and the responses of opposing counsel and of the court, are set forth in Section I. Analyzing the language used by the prosecutor, it is apparent that his statements—repeatedly inviting the jury to let Knowles possess their homes or vehicles—constituted misconduct. There was no evidence in the case of any contact between Knowles and jurors prior to trial, let alone any indication that Knowles possessed stolen property or vehicles belonging to jurors. There being no evidentiary basis for the prosecutor's remarks, it must be that the purpose of the statements was to appeal to the jury's passions and prejudices.

The statements invited the jurors to place themselves in the shoes of a victim of Knowles's criminality, a line of argument that our courts have held time and again to be improper. See, e.g., State v. Pierce, 169 Wn. App. 533, 554,

280 P.3d 1158 (2012); State v. Binh Thach, 126 Wn. App. 297, 317, 106 P.3d 782 (2005). Such arguments encourage jurors to depart from neutrality and decide the case on the basis of personal interest rather than on the evidence. Binh Thach, 126 Wn. App. at 317 (citing Adkins v. Alum. Co. of Am., 110 Wn.2d 128, 139, 750 P.2d 1257 (1988)). The seriousness of this misconduct is augmented by its occurrence during the State's rebuttal, when defense counsel had already delivered Knowles's closing argument and no longer had the opportunity to respond. See State v. Lindsay, 180 Wn.2d 423, 443, 326 P.3d 125 (2014). Defense counsel's objections to these improper statements should have been sustained.[2]

We cannot conclude, however, that there is a substantial likelihood that the prosecutor's improper remarks affected the jury's verdict. Thus, Knowles has not established the prejudicial impact of the argument. The overwhelming evidence adduced by the State convinces us that there is no likelihood that the comments affected the jury's verdict. Thus, the error was harmless. Emery, 174 Wn.2d at 760.

Abundant evidence showed that Knowles possessed the stolen truck. Direct evidence, including Knowles's own statements, showed that he was storing his and his girlfriend's possessions (including a live animal) in the truck. He was seen both inside and outside the truck and circumstantial evidence—the key being found near him on the ground—showed that he had access to and

---

[2] We are aware that Knowles's attorney, in Knowles's summation, repeatedly misstated the law regarding the possession element of possession of a stolen vehicle. This invited a proper response from the State's representative—not an improper response.

control over the truck.  The jury thus had ample evidence on which to base its finding that Knowles was guilty.  We conclude that the improper arguments of the prosecutor, and the failure of the trial court to sustain objections thereto, amounted to harmless error.

Affirmed.

We concur:

_Duy, J._

_Chun, C.J._

_Mann, ACJ_